IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) RESOURCE EMPLOYMENT ) SOLUTIONS, LLC, ) ) Defendant. ) | Civil Action No.: 3:14-cv-00217-MPM-SAA |

**ANSWER TO COMPLAINT**

Defendant incorrectly sued as Resource Employment Solutions, LLC ("Defendant"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby files its Answer to Plaintiff's Complaint and states the following:

**NATURE OF THE ACTION**

Defendant admits that this action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended and Title I of the Civil Rights Act of 1991. Defendant denies engaging in any statutory violations and further denies Plaintiff's remaining allegations in this initial paragraph of the Complaint and avers that it is not the correct Defendant.

**JURISDICTION AND VENUE**

1. Defendant admits that jurisdiction is invoked in paragraph 1 of the Complaint pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345 as well as Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, and 42 U.S.C. § 1981.

2. Defendant admits that venue is proper in this Court as asserted in paragraph 2 of the Complaint. Defendant denies the allegation that Defendant engaged in any unlawful employment practices as alleged in paragraph 2 of the Complaint.

### PARTIES

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that it is a foreign corporation doing business in the State of Mississippi and has continuously had fifteen employees as alleged in paragraph 4 of the Complaint. Defendant denies remaining allegation contained in paragraph 4 of the Complaint.

5. Defendant admits that at all times it has been engaged in an industry affecting commerce as alleged in paragraph 5 of the Complaint. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendant admits that it procures employees for other employers as alleged in paragraph 6 of the Complaint. Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

### STATEMENT OF CLAIMS

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff issued a reasonable cause determination as set forth in paragraph 8 of the Complaint, but avers that the determination was not factually or legally supported and further avers that Plaintiff' efforts of conciliation were not made in good faith.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

 a. Defendant admits the allegations contained in paragraph 10.a. of the Complaint.

 b. Defendant denies the allegations contained in paragraph 10.b. of the Complaint.

    c.    Defendant denies the allegations contained in paragraph 10.c. of the Complaint.

    d.    Defendant admits the allegations contained in paragraph 10.d. of the Complaint.

    e.    Defendant admits the allegations contained in paragraph 10.e. of the Complaint.

    f.    Defendant denies the allegations contained in paragraph 10.f. of the Complaint.

    g.    Defendant denies the allegations contained in paragraph 10.g. of the Complaint.

    h.    Defendant denies the allegations contained in paragraph 10.h. of the Complaint.

    i.    Defendant denies the allegations contained in paragraph 10.i. of the Complaint.

    j.    Defendant admits the allegations contained in paragraph 10.j. of the Complaint.

    k.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10.k of the Complaint and therefore denies same.

    l.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10.l of the Complaint and therefore denies same.

    m.    Defendant admits the allegations contained in paragraph 10.m. of the Complaint.

    n.    Defendant admits the allegations contained in paragraph 10.n. of the Complaint.

    o.    Defendant denies the allegations contained in paragraph 10.o. of the Complaint.

11.    Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.    Defendant denies the allegations contained in paragraph 12 of the Complaint.

    a.    Defendant denies the allegations contained in paragraph 12.a. of the Complaint.

    b.    Defendant admits the allegations contained in paragraph 12.b. of the Complaint.

    c.    Defendant denies the allegations contained in paragraph 12.c. of the Complaint.

    d.    Defendant denies the allegations contained in paragraph 12.d. of the Complaint.

    e.    Defendant denies the allegations contained in paragraph 12.e. of the Complaint.

    f.    Defendant denies the allegations contained in paragraph 12.f. of the Complaint.

    g.    Defendant denies the allegations contained in paragraph 12.g. of the Complaint.

    h.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12.h. of the Complaint and therefore denies same.

    i.    Defendant denies the allegations contained in paragraph 12.i. of the Complaint.

    j.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 12.j. of the Complaint, and therefore denies same.

    k.    Defendant denies the allegations contained in paragraph 12.k. of the Complaint.

    l.    Defendant denies the allegations contained in paragraph 12.l. of the Complaint and avers that the hours worked were not directed by Defendant.

    m.    Defendant denies the allegations contained in paragraph 12.m. of the Complaint, and avers that the hours worked were not directed by Defendant.

13.  Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.  Defendant denies the allegations contained in paragraph 14 of the Complaint.

    a.    Defendant denies the allegations contained in paragraph 14.a. of the Complaint.

    b.    Defendant denies the allegations contained in paragraph 14.b. of the Complaint.

    c.    Defendant denies the allegations contained in paragraph 14.c. of the Complaint.

    d.    Defendant admits the allegations contained in paragraph 14.d. of the Complaint.

    e.    Defendant denies the allegations contained in paragraph 14.e. of the Complaint.

    f.    Defendant denies the allegations contained in paragraph 14.f. of the Complaint.

    g.    Defendant is without sufficient information to admit or deny the allegations contained in paragraph 14.g. of the Complaint, and therefore denies same.

    h.    Defendant admits the allegations contained in paragraph 14.h. of the Complaint.

      i.      Defendant admits the allegations contained in paragraph 14.i. of the Complaint.

      j.      Defendant denies the allegations contained in paragraph 14.j. of the Complaint.

      k.      Defendant admits the allegations contained in paragraph 14.k. of the Complaint.

15.  Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.  Defendant denies the allegations contained in paragraph 16 of the Complaint.

      a.      Defendant denies the allegations contained in paragraph 16.a. of the Complaint, and therefore denies the same.

      b.      Defendant denies the allegations contained in paragraph 16.b. of the Complaint.

      c.      Defendant admits the allegations contained in paragraph 16.c. of the Complaint and specifically denies the allegations contained in the EEOC Charge.

      d.      Defendant denies the allegations contained in paragraph 16.d. of the Complaint.

17.  Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.  Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.  Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.  Defendant denies that Plaintiff is entitled to any relief as sought in the unnumbered paragraph and subparts A-I under the Prayer for Relief.

21.  Defendant admits that Plaintiff is seeking a jury trial as asserted in the unnumbered paragraph titled Jury Trial Demand.

22.  Any allegations not heretofore admitted, answered, denied, modified, or explained, are hereby denied.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative defenses in response to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust all administrative remedies.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to engage in good faith conciliation efforts as required by statute.

### THIRD AFFIRMATIVE DEFENSE

In whole or part, Plaintiff's Complaint fails to state claims upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's actions were a just and proper exercise of managerial discretion, undertaken for a fair and honest reason, regulated by good faith under the circumstances then existing.

### FIFTH AFFIRMATIVE DEFENSE

Defendant would have made the same employment decision notwithstanding Nakia Sanford and the class of Black and non-Hispanic applicant's race or national origin.

### SIXTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith and in furtherance of their own legitimate, non-discriminatory business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's actions were taken in good faith.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant had a legitimate business reason for taking the employment-related actions against Nakia Sanford.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Nakia Sanford and the class of Black and non-Hispanic applicants were not injured in the manner or extent alleged.

### TENTH AFFIRMATIVE DEFENSE

Nakia Sanford and the class of Black and non-Hispanic applicants did not suffer any damages for which they may be entitled to relief.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Nakia Sanford and the class of Black and non-Hispanic applicants have failed to meet their duty to mitigate damages, their claims for back pay should be denied.

### TWELFTH AFFIRMATIVE DEFENSE

All actions taken by Defendant were neither willful nor wanton, were without malice or reckless disregard for any protected rights, and were consistent with business judgment.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff makes a claim for back-pay and any other economic damages, any claim for back-pay must be reduced by Nakia Sanford and the class of Black and non-Hispanic applicants actual earnings and/or amounts each could have earned with reasonable diligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defenses of the after-acquired evidence doctrine, *res judicata*, collateral estoppel, judicial estoppel, unclean hands and laches as these defenses may be developed during the course of this litigation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant's actions were taken in good faith.

**SIXTEENTH AFFIRMATIVE DEFENSE**

An award of punitive damages under the circumstances of the instant case would amount to a violation of Defendant's due process rights and rights to equal protection under the Fourteenth Amendment to the United States Constitution and the Mississippi Constitution. Further, the imposition of punitive damages, based on these facts, would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and under the Mississippi Constitution.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant avers that this action is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Resource Employment Solutions, LLC is not the correct Defendant.

**NINTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert any and all other defenses not time-barred, as this litigation progresses.

**WHEREFORE**, **PREMISES CONSIDERED** Defendant requests that this Court deny all of Plaintiff's prayers for relief, enter a judgment dismissing the Complaint with prejudice, and award Defendant its attorneys' fees, expenses, and costs of this action.

Respectfully submitted April 29, 2015,

s/Robbin W. Hutton
Robbin W. Hutton (MS # 6482)

FORDHARRISON LLP
1715 Aaron Brenner Dr., Suite 200
Memphis, TN 38120
Telephone: (901) 291-1500
Facsimile: (901) 291-1501
rhutton@fordharrison.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify on this 29th day of April 2015 that a copy of the foregoing document, Answer to Complaint, has been filed via the Court's CM/ECF System, which will send an electronic copy of same to the following:

Faye Williams, Esq.
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Ave., 9th Floor
Memphis, TN 38104
Telephone: (901) 544-0088

C. Emanuel Smith, Esq.
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1130 22ND Street South, Suite 2000
Birmingham, AL 35205
Telephone: (205) 212-2045

Attorneys for Plaintiff

s/Robbin W. Hutton

WSACTIVELLP:7516325.1