**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:14-cv-00217 |
| | ) | |
| RESOURCE EMPLOYMENT | ) | |
| SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendant Resource Employment Solutions, LLC, submits this Memorandum in Support of its Response in Opposition to Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Strike with respect to certain affirmative defenses and response to Paragraph 9 of the Complaint, asserted in Defendant's Answer to the EEOC's Complaint (D.E.22. Motion to Strike). For the reasons set forth herein, the EEOC's Motion should be denied.

## I. RELEVANT FACTS

Defendant Resource Employment Solutions, LLC ("Defendant" or "Resource"), a temporary staffing agency  is a Florida Limited Liability Company registered to do business in Tennessee and Mississippi beginning on or about March 2013.

On September 22, 2011, the named party Nakia Sanford filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging race and national origin discrimination

against Resource Employment, which is not the entity that has been sued. Resource Employment responded to and denied the allegations to the EEOC. Ms. Sanford was hired by Resource Employment to work as a temporary worker and worked primarily at FedEx Smart Post.

On September 30, 2014, the EEOC filed suit against Defendant Resource regarding the employment practices of Resource Employment from at least February 2011 to November 2011, alleging that Resource Employment discriminated against non-Hispanic workers. (D.E. 1, Complaint). The EEOC has indicated that there are eleven aggrieved parties including the named party, Ms. Sanford.

Pursuant to Rule 8, Defendant Resource properly answered and affirmatively set forth nineteen defenses that are applicable to allegations in this matter. (D. E. 18, Answer). Defendant's Answer and Affirmative Defenses comports with the criteria of Rule 8 of the Federal Rules of Civil Procedure. The affirmative defenses each provide fair notice to the Plaintiff of Defendant's anticipated defenses. The affirmative defenses at issue do not prejudice Plaintiff, nor has Plaintiff asserted that it will be prejudiced if the affirmative defenses are not stricken. More specifically, each of the affirmative defenses provide fair notice of the defenses and correspond and directly relate to the facts detailed in Plaintiff's Complaint.

Plaintiff incorrectly contends that the affirmative defenses should be subject to the pleading standard articulated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937(2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). However, that standard is not applicable to affirmative defenses. Plaintiff's Motion to Strike should be denied in its entirety. In the alternative, to the extent the Court is inclined to strike the affirmative defenses, Defendant should be afforded leave to amend

its pleading, since Defendant had a good faith basis for asserting each of the affirmative defenses.

## II. LAW AND ARGUMENT

### A. Standard of Review.

A motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.,* 306 F.2d 862, 868 (5th Cir.1962) (quoting *Brown & Williamson Tobacco Corp. v. U.S.,* 201 F.2d 819, 822 (6th Cir.1953)). Motions to strike defenses are disfavored in the Fifth Circuit and infrequently granted. *E.E.O.C. v. LHC Group Inc*., 2012 WL 3242168, at *1 (S. D. Miss., 2012); *see Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir.1982); *Augustus v. Bd. of Public Instruc. of Escambia Cnty., Fl.,* 306 F .2d 862, 868 (5th Cir.1962); *Fed. Deposit Ins. Corp. v. Niblo,* 821 F.Supp. 441, 449 (N.D.Tex.1993) ("Both because striking portions of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted."). While it has been recognized that Rule 12 provides that district courts may strike defenses or other matters from pleadings under certain circumstances, this discretion should be exercised sparingly because striking a defense is such a "drastic remedy." *Id.*, s*ee In re Chinese Mfr. Drywall Prods. Liab. Litig.,* 680 F.Supp.2d 780, 788 (E.D.La.2010). When there are disputed questions of law or fact, the court should leave the sufficiency of the allegations for determination on the merits. *Solis v. Bruister,* No. 4:10cv77–DPJ–JKB, 2012 WL 776028, at *7 (S. D. Miss. Mar. 8, 2012) ("Even when addressing a pure question of legal sufficiency courts are very reluctant to determine such issues on a motion to strike, preferring to determine them only after further development by way of discovery and a hearing on the merits, either on summary judgment motion or at trial.").   Additionally, a motion to strike should not be granted

3

unless the moving party demonstrates that it would be prejudiced otherwise. *Conn v. U.S.,* No. 3:10cv300–CWR, 2011 WL 2117969, at *5 (S. D. Miss. May 27, 2011) (citing *Augustus,* 306 F.2d at 868; *Mullins v. Chevron Oil Co.,* 344 F.Supp. 1063, 1067 (E.D.La.1972)); *see Global ADR, Inc. v. City of Hammond,* No. 03–457, 2003 WL 21146696, *1 (E. D. La. May 15, 2003) (denying plaintiff's motion to strike because the pleadings made a legitimate dispute and plaintiffs made no showing of prejudice).

Further, "if there is a question of law or fact regarding a particular defense, a court must deny a motion to strike." *Id.* (citing *Benavides,* 2008 WL 362682, at *2). "Even when addressing a pure question of legal sufficiency courts are 'very reluctant' to determine such issues on a motion to strike, preferring to determine them 'only after further development by way of discovery and a hearing on the merits, either on summary judgment motion or at trial.'" *Veranda Assocs., L.P. v. Hooper,* No. H–11–4206, 2012 WL 602143, at *3 (S.D.Tex. Feb. 23, 2012) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed.2004)).

**B.    Application of  *Iqbal* and *Twombly* to Affirmative Defenses is Not Appropriate.**

The EEOC relies upon the Supreme Court's decisions in *Twombly* and *Iqbal* in setting forth its Motion to Strike. While it is clear that *Iqbal* and *Twombly* apply the plausibility standard to pleading a claim for relief; however to-date, the Supreme Court and no Circuit Court has extended either to pleadings beyond the complaint. There is no guidance from the Fifth Circuit Court of Appeals on this issue, and the district courts are split. *E.E.O.C. v. LHC Group Inc.*, 2012 WL 3242168, at *2 (S.D.Miss.,2012); *Schlesinger v. Hasco Thibodaux, LLC*, No. 2:13-cv-06237 (E. D. La. Feb. 7, 2014).

4

Requiring affirmative defenses to meet the *Twombly* plausibility standard is inconsistent with the plain text of the Federal Rules of Civil Procedure. Rule 8 (a) governs the pleading of Complaints. The Federal Rules in both structure and language contemplate different treatment of pleadings by claimants and defendants. *See* Fed. R. Civ. P. 8 (Rule 8: General Rules of Pleading). Even if Rule 8(b) describes a general pleading standard that applied to affirmative defenses, under Rule 8(c), the congruence does not implicate *Twombly,* since this position ignores the language of Rule 8 (a)(2) that the 'short and plain" statement of the claim must show that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8 (Rule 8: General Rules of Pleading). The language of Rule 8(b) and 8 (c) does not require a defendant to show anything related to the asserted defenses, affirmative or otherwise. *Id.* With respect to pleading defenses, Rule 8(c) specifies only that an affirmative defense be "set forth affirmatively and Rule 8(c) does not require that the answer "show" that the defendant is entitled to prevail on its affirmative defense. *See Well Fargo & Co. v. United State*s, No. 09-CV-2764, 2010 U.S. Dist. LEXIS 114983, at *4-5 (D. Minn. Oct. 27, 2010) (highlighting that an affirmative defense is not a claim for relief and that no Federal Rule requires a defendant to plead "facts showing" that the plaintiff is not entitled to relief.); *Ameristar Fence Prods., Inc. v. Phoenix Fence Co*., No. CV-10-299-PHX-DGC, 2010 U.S. Dist. LEXIS 81468, at *3-4(D. Arix. July 15, 2010) (stressing the individuality of Rule 8(c) in its governance of affirmative defenses, emphasizing that the Rule requires only that a party "state" an avoidance or affirmative defense, and declining to extend the *Twombly* standard to affirmative defenses, leaving such an action to the Supreme Court or the Circuit.); *McLemore v. Regions Bank*, Nos 3:08-cv—0021, 3:08-cv-1003, 201 U.S. Dist. LEXIS 25785, at *42-40 (M.D. Tenn. Mar. 18, 2010)(discussing how the *Twombly* and *Iqbal* decisions only concerned

themselves with plaintiffs' complaints and Rule 8(a)(2), and holding that affirmative defenses are not required to plead supporting facts).

Additionally, Fed.R.Civ.P. 84 provides that the "forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed.R.Civ.P. 84. Form 30 in the Appendix of Forms sets forth an example affirmative defense: "The complaint fails to state a claim upon which relief can be granted." Fed.R.Civ.P. Form 30. "The brief and simple nature of this language indicates that no more detail is required of a defendant in an answer." *E.E.O.C. v. LHC Group Inc*., 2012 WL 3242168, at *2 (S.D.Miss., 2012), quoting, *Falley*, 787 F.Supp.2d at 1258; *see also Tyco Fire Prods. LP v. Victaulic Co.,* 777 F.Supp.2d 893, 900 (E.D.Pa.2011) ("[A]s the undetailed recitations of affirmative defenses illustrated in Form 30 show, [it] is not an exacting standard even remotely approaching the type of notice required of a claim under Twombly and Iqbal.") (footnote omitted).

Moreover, the Federal Rules require a defendant to plead any affirmative defense that it has. *See*, Fed. R. Civ. P. 8 (c)(" In responding to a pleading a party must affirmatively state any avoidance or affirmative defense… ."); Fed. R. Civ. P. 12(b) ("every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."). Accordingly, defendants must assert defenses out of an abundance of caution to avoid the argument that meritorious defenses should later be considered waived. *E.E.O.C. v. LHC Group Inc*., at *3; *Lacroix v. Marshall Cnty., Miss.,* No. 3:07CV119–B–A, 2009 WL 3246671 (N.D.Miss. Sept. 30, 2009) (denying plaintiff's motion to strike and reasoning that "[t]he defendants were required to plead their affirmative defenses or potentially waive such defenses under the rules of this court, and they were entitled to assert any available defenses."); *Johnson Assocs. Corp. v. HL*

*Operating Corp.*, 680 F.3d 713, 718 (6th Cir. 2012) ("The filing of an answer is, after all, the main opportunity for a defendant to give notice of potentially dispositive issues to the plaintiff.").

As detailed above, *Iqbal/Twombly* did not modify the review that should be applied to the pleading of affirmative defenses. Applying the heightened pleading standard to affirmative defenses can lead to harsh results for a defendant. This heightened pleading sought by the EEOC in its Motion to Strike is not the proper pleading standard for affirmative defenses and the same should not be applied by this Court to the Motion at issue.

**C.      Defendant's Affirmative Defenses Are Adequately Pled Under Fifth Circuit Precedent.**

In the Fifth Circuit, parties are required only to provide "fair notice" of their affirmative defenses. *See, Francois v. Blanford*, No. 10-1330, 2010 WL 4362817, at *2 (E. D. La Oct. 26, 2010)(making no mention of *Iqbal/Twombly* pleading standard and instead requiring that the defenses meet the fair notice standard). To satisfy the fair notice pleading standard, the defendant must sufficiently articulate the defenses, so that the plaintiff is not a victim of unfair surprise. *Woodfield v. Bowman*, 193 F. 3d 354, 362 (5th Cir. 1999). Detailed factual assertions are not required. *Id.* In some cases, merely pleading the name of the affirmative defense can be sufficient to give the opposing party fair notice, *see Woodfield,* 193 F.3d at 362.

Further as detailed above, when there are disputed questions of law or fact, the court should leave the sufficiency of the allegations for determination on the merits. *EEOC v. LHC Group, Inc.*, 1:11CV355-LG-JMR, 2012 WL 3242168, at *1; *Solis v. Bruiste*r, No. 4:10CV77-DPJ, JKB, 2012 WL 776028, at *7. Thus, courts may only strike "affirmative defenses where they are deemed insufficient as a matter of law. *Kaiser Aluminum*, 677 F. 2d at 1057. The sufficiency of affirmative defenses "must be compared and considered in connection with the complaint itself," and it is difficult for the plaintiff to show prejudice, when the allegations

contained in plaintiffs complaint provide the necessary notice for the basis of an affirmative defense. *Schlottman v. Unit Drilling Co, LLC*, NO. Civ. 08-1274-C, 2009 WL 1764855, *2 (W.D. Okla. June 18, 2009). When there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. *Augustus,* 306 F. 2d at 868; *see also*, *Global ADR, Inc v. City of Hammon*d, No. 03-457, 2003 WL 21146696, at*1 (E.D. La. May 15, 2003)(denying plaintiff's motion to strike because the pleadings made a legitimate dispute and plaintiff's made no showing of prejudice).

Plaintiff's Complaint alleges facts and discriminatory conduct by Defendant in its hiring practices, specifically alleging among other things that Defendant gave discriminatory preference in hiring and providing work hours to Hispanics over non-Hispanics (D. E. 1, Complaint). Defendant's defenses each relate to the allegations and claims asserted by the EEOC in an effort to provide fair notice to the EEOC of the defenses to be used by Defendant. These affirmative defenses have been sufficiently detailed to meet the fair notice standard to avoid surprise to the EEOC.

Defendant has addressed below each of the fifteen affirmative defenses challenged by the EEOC as being insufficiently pled, invalid, or not proper affirmative defenses (D. E. 22, Motion to Strike). Defendant declines to litigate the merits of each of its affirmative defenses at this early juncture of litigation. In the event the Court wants each defense more fully briefed, Defendant requests the opportunity to submit a supplemental response.

**D.** **The EEOC Has Failed to Identify Any Legitimate Basis for Striking Any of Defendant's Defenses.**

1. **First Defense: Plaintiff has failed to exhaust all administrative remedies**.

Defendant's first affirmative defense properly provides fair notice to the EEOC that it has failed to satisfy the conditions precedent to filing a lawsuit, the exhaustion of administrative

8

remedies. Plaintiff alleges that it should be stricken because Defendant did not plead with particularity under Rule 9 (c). (D.E. 23, Memorandum in Support, PageID # 92). However, an affirmative defense only has to give fair notice, which is met if the Defendant sufficiently articulates a defense so that plaintiff is not a victim of surprise. *Woodfield v. Bowman*, 193 F. 3d at 362. The notice provided is fair, because the EEOC is well aware of the administrative criteria necessary to bring litigation, nor is there any prejudice to the EEOC by this defense. There is at least an issue of fact as to whether the claim now alleged against the named Defendant is appropriate.

Further, the Plaintiff has not alleged any prejudice that is associated with this defense or that the failure to strike the defense will cause any prejudice. See, *Conn v. U.S.*, No. 3:10cv300–CWR, 2011 WL 2117969, at *5 (S. D. Miss. May 27, 2011) (*citing Augustus*, 306 F.2d at 868) (declining to grant a motion to strike unless the moving party demonstrates that it would be prejudiced)) Therefore the EEOC's request to strike Defendant's First Affirmative Defense lacks merit, and should be denied.

   2.   **Second Defense: Plaintiff has failed to engage in good faith conciliation efforts as required by the statute.**

Plaintiff alleges that Defendant's Second Defense is insufficient and would not succeed upon any set of facts. (D. E. 23, Memorandum in Support, PageID # 95-96). Defendant's Second Defense provides fair notice as detailed by *Woodfield*, that there is a dispute of fact regarding the conciliation efforts. Courts unanimously agree that 42 U.S.C. § 2000e-5(b) mandates that the EEOC must attempt to conciliate its claims before it files those claims in federal court. Further, Defendant does not have to prove that its claim will succeed, rather, Defendant must provide notice to the Plaintiff, which it has done. *See*, *Wells Fargo*, at *4-5. There is no requirement that Defendant allege additional factual predicate to support its defenses.

This defense directly correlates to Plaintiff's allegations within the Complaint regarding facts and law in regard to Plaintiff's conduct, which must occur before the filing of the litigation. The EEOC is clearly subject to statutory requirements. Further, when there are disputed questions of law or fact, the court should leave the sufficiency of the allegations for determination on the merits. *Solis v. Bruister,* at *7; *see also, FDIC v. Niblo*, 821 F. Supp. 441, 449 (N. D. Texas 1993) (observing that a court must deny a motion to strike if there is any question of law and fact).

Further, this defense does not prejudice the Plaintiff, nor has Plaintiff alleged any prejudice. *See, Conn v. U.S*., No. 3:10cv300–CWR, 2011 WL 2117969, at *5 (S. D. Miss. May 27, 2011) (citing *Augustus*, 306 F.2d at 868) (declining to grant a motion to strike unless the moving party demonstrates that it would be prejudiced). Therefore the EEOC's request to strike Defendant's Second Affirmative Defense lacks merit, and should be denied.

3.  **Third Defense: In whole or part, Plaintiff's Complaint fails to state a claim upon which relief can be granted.**

Federal Rules of Civil Procedure 84 provides that the forms in the Appendix of Forms illustrate the "simplicity and brevity that these rules contemplate." Defendant's language in the Third Defense "mimics" form 30 in the appendix to the Federal Rules of Civil Procedure and is therefore legally sufficient. *Schlosser v. Metro. Prop. & Cas. Ins. Co.,* 2012 WL 3879529 at *3 (E.D. La. Aug. 30, 2011).

Additionally, Plaintiff does not attribute any prejudice to the Third Defense and does not identify any prejudice that will occur if the Third Defense is not stricken. When there is no showing of prejudicial harm to the moving party, courts generally are not willing to hgrant a Motion to Strike. *Augustus,* 306 F.2d at 868.

Based on this, the EEOC's request to strike Defendant's Third Affirmative Defense lacks merit, and should be denied.

4.   **Fourth Defense: Defendant's actions were a just and proper exercise of managerial discretion, undertaken for a fair and honest reason, regulated by good faith under the circumstances then existing.**

**Fifth Defense:  Defendant would have made the same employment decision notwithstanding Nakia Sanford and the class of Black and non-Hispanic applicant's race or national origin.**

**Sixth Defense: Defendant at all times acted in good faith and in furtherance of their own legitimate, non-discriminatory business reasons.**

Plaintiff alleges that Defendant's Fourth, Fifth, and Sixth Defenses are not defenses and that each is insufficiently pled.  (D. E. 23, Memorandum in Support, PageID # 98-99). Defendant's Fourth, Fifth, and Sixth Defense is fair notice of the defense that Defendant intends to pursue regarding the facts as alleged in Plaintiff's Complaint regarding the employment decisions of Ms. Sanford and the class of Black and non-Hispanics.  Each defense directly correlates to Plaintiff's allegations within the Complaint regarding facts and law in regard to Defendant's conduct, as to placement and hours worked, no requirement that Resource provide additional factual predicate.  Further, when there are disputed questions of law or fact, the court should leave the sufficiency of the allegations for determination on the merits. *Solis v. Bruister,* at *7; *see also, FDIC v. Niblo*, 821 F. Supp. 441, 449 (N. D. Texas 1993) (observing that a court must deny a motion to strike if there is any question of law and fact).

Plaintiff has also failed to demonstrate how it would be prejudiced by these three affirmative defenses or what prejudicial harm will occur if these are not stricken.  *See, Conn v. U.S.*, No. 3:10cv300–CWR, 2011 WL 2117969, at *5 (S. D. Miss. May 27, 2011) (citing *Augustus*, 306 F.2d at 868). Therefore the EEOC's request to strike Defendant's Fourth, Fifth, and Sixth Affirmative Defenses lacks merit, and should be denied.

11

5. **Seventh Defense/Fifteenth Defense: Defendant's action were taken in good faith**.

The Plaintiff contends that Defendant's Seventh/Fifteenth Defense is merely a denial and insufficiently pled. (D. E. 23, Memorandum in Support, PageID # 99-100). Defendant acknowledges that its Fifteenth Defense was a duplication of its Seventh Defense and concedes that it is appropriate to strike the Fifteenth Defense as being duplicitous.

However, as to the Seventh Defense, Defendant provided fair notice of intent to rely on good faith doctrine regarding its conduct. This defense directly correlates to Plaintiff's allegations within the Complaint regarding facts and law in regard to Defendant's conduct. Again, when there are disputed questions of law or fact, the court should leave the sufficiency of the allegations for determination on the merits. *Solis v. Bruister,* at *7; *see also, FDIC v. Niblo*, 821 F. Supp. 441, 449 (N. D. Texas 1993) (observing that a court must deny a motion to strike if there is any question of law and fact). Therefore the EEOC's request to strike Defendant's Seventh Affirmative Defense lacks merit, and should be denied.

6. **Ninth Defense: Plaintiff's claims are barred to the extent Nakia Sanford and the class of Black and non-Hispanics applicants were not injured in the manner or extent alleged.**

   **Tenth Defense: Nakia Sanford and the class of Black and non-Hispanic applicants did not suffer any damages for which they may be entitled to relief.**

Plaintiff again challenges the legal sufficiency of Defendant's Ninth and Tenth Defenses, as well as assertions that they are redundant and facially defective. (D. E. 23, Memorandum in Support, PageID # 101-102). Plaintiff does not allege any prejudice associated with either the Ninth or Tenth Defense or any prejudice if these two defenses are not stricken. *See Augustus*, 306 F.3d at 868. Defendant's Ninth and Tenth Defenses again correlate directly to the damage allegations set forth in the Complaint. (D. E. 1, Complaint). Damages are both monetary and

equitable (injunctive relief). (D.E. 1, Complaint, Prayer for Relief). Defendant provided fair notice of these defenses in order to prevent any waiver regarding alleged damages or relief being sought. Since discovery has not yet commenced, Defendant has not been able to make a full assessment of each allegation of the Complaint. Each defense gives notice of the challenge to claims regarding the injuries alleged and also damages being sought. Defendant is not required to prove the defenses only provide fair notice to avoid surprise to Plaintiff. *See, Woodfield*, 193 F.3d at 362; *see also Teirstein v. AFA Med. Corp.*, No. 6:08cv14, 2009 WL 704138, at *8 (E.D. Tex. Mar. 16, 2009) (declining to strike an affirmative defense of limitation of damages because at that point in the litigation, the plaintiff had not provided any details regarding his damages). Therefore the EEOC's request to strike Defendant's Ninth and Tenth Affirmative Defenses lack merit, and should be denied.

> 7. **Fourteenth Defense: Defendant asserts the affirmative defenses of after-acquired evidence doctrine, res judicata, collateral estoppel, judicial estoppel, unclean hands and laches as these defenses may be developed during the course of this litigation.**

Defendant's Fourteenth Affirmative Defense appropriately provided fair notice to the Plaintiff and is pled with sufficiency, so as not to surprise Plaintiff. Resource is not required to prove the elements of its defense. Each of the defenses identified were pled as a defense based upon the facts detailed by the Plaintiff in the Complaint. These defenses were pled out of an abundance of caution, since discovery has not yet commenced in this matter. There is no reason for this defense to be stricken. Courts have repeatedly held that motion to strike requires a showing of prejudice. The EEOC has not demonstrated any prejudice in regards to this defense. When there is no showing of prejudicial harm to the moving party, courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. *Augustus*,

306 F. 2d at 865. Rather, this defense puts the Plaintiff on notice that these are defenses that will be sought during the course of discovery.

Further, these types of defenses are available to an employer when defending against violations under Title VII. *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 393 (1982) (filing a timely charge is a requirement, like a statute of limitations, that is subject to waiver, estoppel, and equitable tolling); *See E.E.O.C. v. LHC Group Inc*., at footnote 1 (holding that the sixth affirmative defense "Plaintiff's claims are barred, in whole or part, by the doctrines of laches, waiver or estoppel was a sufficiently stated affirmative defense). Therefore the EEOC's request to strike Defendant's Fourteenth Affirmative Defense lacks merit, and should be denied.

8. **Sixteenth Defense: An award of punitive damages under the circumstances of the instant case would amount to a violation of Defendant's due process rights and rights to equal protection under the Fourteenth Amendment to the United States Constitution and the Mississippi Constitution. Further, the imposition of punitive damages, based on these facts, would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and under the Mississippi Constitution.**

**Twelfth Defense: All actions by Defendant were neither willful nor wanton, were without malice or reckless disregard for any protected rights, and were consistent with business judgment**.

The EEOC is seeking punitive damages in its Complaint. (D.E. 1, Complaint at Prayer for Relief (G)). The EEOC alleges that the Sixteenth and Twelfth Defense are not affirmative defenses and an assertion that Plaintiff cannot meet its evidentiary burden in claiming punitive damages. (D. E. 23, Memorandum in Support, PageID # 105-106).

At this juncture, Plaintiff has not provided any details regarding the damages beyond the intent to seek punitive damages. Defendant's Sixteenth and Twelfth Defense provides fair notice as required by Federal Rule 8 (b) and (c) of its possible defenses and evidences Defendant's intent to challenge the appropriateness of punitive damages in this matter. *See E.E.O.C. v. LHC*

14

*Group Inc.*, at footnote 1 (holding that the third affirmative defense "Plaintiff's claims for punitive damages are violative of the constitutional safeguards due Defendant under the United States and Mississippi Constitutions was a sufficiently stated affirmative defense). The U.S. Supreme Court has emphasized that punitive damages "pose an acute danger of arbitrary deprivation of property." *Honda Motor Company, Ltd. v. Oberg*, 512 U.S. 415, 432, (1990). Likewise, the Due Process clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments. *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1519-20(2003) (holding that punitive damages award was neither reasonable nor proportionate to the wrong committed, and was thus irrational, arbitrary, and an unconstitutional deprivation of the property of the insurer).

Specifically, Defendant's Twelfth Defense provides fair notice to Plaintiff regarding its defense and challenge to the sufficiency of the disputed facts regarding the malicious or reckless actions of Defendant, which is denied by Defendant. This malicious and reckless conduct is also specifically identified by Plaintiff in its Complaint and will be disputed facts that may or may not give rise to punitive damages. (D.E. 1, Complaint at Prayer for Relief (G)). Plaintiff will have to demonstrate that Defendant acted "with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a; *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1998).  Defendant need not prove the elements of its defenses or provide a complete factual predicate at this early stage of the litigation.  Further, when there are disputed questions of law or fact, the court should leave the sufficiency of the allegations for determination on the merits. *Solis v. Bruister,* at *7; *see also*, FDIC v. Niblo, 821 F. Supp. 441, 449 (N. D. Texas 1993) (observing that a court must deny a motion to strike if there is any question of law and fact).

15

Again, Plaintiff is not prejudiced by this defense, nor has Plaintiff identified any prejudice or any prejudicial harm if the Sixteenth and Twelfth Defenses are not stricken. When there is no showing of prejudicial harm to the moving party, courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. *See*, *Conn v. U.*S., No. 3:10cv300–CWR, 2011 WL 2117969, at *5 (S. D. Miss. May 27, 2011) (citing *Augustus*, 306 F.2d at 868) (declining to grant a motion to strike unless the moving party demonstrates that it would be prejudiced). Therefore the EEOC's request to strike Defendant's Twelfth Affirmative Defense lacks merit, and should be denied.

9. **Seventeenth Defense: Defendant avers that this action is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action**.

Plaintiff alleges that Defendant's Seventeenth Defense is not an affirmative defense. (D.E. 23, Memorandum in Support, PageId# 107)Plaintiff does not allege any prejudice attributable to this affirmative defense. Nor does Plaintiff identify any prejudicial harm if the response is not stricken. When there is no showing of prejudicial harm to the moving party, courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. *See also*, *Conn v. U.*S., No. 3:10cv300–CWR, 2011 WL 2117969, at *5 (S. D. Miss. May 27, 2011) (declining to grant a motion to strike unless the moving party demonstrates that it would be prejudiced).

Therefore the EEOC's request to strike Defendant's Seventeenth Affirmative Defense lacks merit, and should be denied.

10. **Nineteenth Defense:  Defendant reserves the right to assert any and all other defenses not time-barred, as this litigation progresses**.

Plaintiff alleges that Defendant's Nineteenth Defense is not an affirmative defense. (D. E. 23, Memorandum in Support, PageID # 107-108).  Discovery has not yet commenced in this

16

matter and Defendant should be allowed to reserve its right to assert additional defenses that may be discovered during the course of the litigation. Defendant has provided fair notice that it will add additional defenses should they become available during the course of the litigation. The EEOC has not alleged that this Defense in anyway prejudices the EEOC. Plaintiff does not mention any prejudicial harm if the response is not stricken. When there is no showing of prejudicial harm to the moving party, courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. See, *Conn v. U.*S., No. 3:10cv300–CWR, 2011 WL 2117969, at *5 (S. D. Miss. May 27, 2011) (citing *Augustus*, 306 F.2d at 868) (declining to grant a motion to strike unless the moving party demonstrates that it would be prejudiced).

Therefore the EEOC's request to strike Defendant's Nineteenth Affirmative Defense lacks merit, and should be denied.

11. **Paragraph Nine: Defendant denies the allegations contained in paragraph 9 of the Complaint.**

As detailed in depth above, Motions to Strike are disfavored in the Fifth Circuit and infrequently granted. *E.E.O.C. v. LHC Group Inc*., 2012 WL 3242168, at *1 (S. D. Miss., 2012). As explained by the Fifth Circuit in *Augustus v. Board of Public Instruction*, 306 F. 2d at 865, "because of practical difficulty of decision cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the Courts.

Here the EEOC is asking this Court to take the drastic remedy of striking the Defendant's response to Paragraph 9 of the Complaint on the basis that Defendant did not fulfill the requirements of Rule 9( c) of the Federal Rules of Civil Procedure. Defendant's Answer, and specifically Paragraph 9, complies with the requirements of Rule 8(b) and (c) of the Federal Rules of Civil Procedure and is proper. Defendant responded fully and gave notice that it was

17

denying the allegations of the Complaint. Defendant in its Answer has pled that the Defendant was improperly sued and affirmatively identified that Defendant Resource is not the appropriate entity. (D.E. Answer, 18). To hold Defendant to a heightened standard of submitting an answer to Paragraph 9 of the Complaint is not contemplated by the language of Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff does not make mention of any prejudice that has occurred due to Defendant's response to Paragraph 9 or any prejudicial harm if the response is not stricken. When there is no showing of prejudicial harm to the moving party, courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike. *Id.*

Therefore the EEOC's request to strike Defendant's response to Paragraph Nine of the Complaint lacks merit, and should be denied.

Plaintiff cannot meet the burden under 12 (f) of the Federal Rules of Civil Procedure to have the Court Strike Defendant's Affirmative Defenses and its Motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Resource Employment LLC, respectfully requests that the Court deny Plaintiff's Motion to Strike or in the alternative, grant Defendant leave to amend its Answer.

Respectfully submitted June 12, 2015,

s/Robbin W. Hutton

Robbin W. Hutton (MS # 6482)

FORDHARRISON LLP
1715 Aaron Brenner Dr., Suite 200
Memphis, TN 38120
Telephone: (901) 291-1500
Facsimile: (901) 291-1501
rhutton@fordharrison.com

ATTORNEYS FOR PLAINTIFF

18

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, Memorandum in Support of Defendant's Response in Opposition to Plaintiff's Motion to Strike, was filed via the Court's CM/ECF System, this the 12th day of June 2015, which will send notification of such filing to the following:

Faye Williams, Esq.
Regional Attorney
Matthew McCoy, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Ave., 9th Floor
Memphis, TN 38104
Telephone: (901) 544-0088

C. Emanuel Smith, Esq.
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1130 22ND Street South, Suite 2000
Birmingham, AL 35205
Telephone: (205) 212-2045

Attorneys for Plaintiff

_s/Robbin W. Hutton_____

WSACTIVELLP:7671026.1

19