**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Civil Action No.** |
| **v.** | ) ) | **3:14-cv-00217-MPM-SAA** |
| **RESOURCE EMPLOYMENT SOLUTIONS, LLC** | ) ) ) | |
| **Defendant.** | ) | |

**PLAINTIFF EEOC'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES AND ANSWER**

**I.     Introduction**

The Equal Employment Opportunity Commission (the Commission or EEOC) submits this Reply to Resource Employment Solution, LCC's (Resource or Defendant) Memorandum in Response to EEOC's Motion to Strike (D.E. # 30). The Commission submits this Reply to address deficiencies in arguments raised in Defendant's Memorandum in Response.

**II.     General Principles Applicable to Motions to Strike**

In its Memorandum, Resource agrees with the Commission's position in a number of key respects.  Resource admits that Rule 12(f) authorizes a court to strike insufficient defenses, including affirmative defenses that are either invalid or insufficiently pled.  (D.E. # 30, p. 3).  *See also Conn v. U.S.*, 823 F. Supp. 2d 441, 444 (S.D. Miss. 2011) ("But [i]f the court determines the defenses to be insufficient as a matter of law, immaterial, or impertinent the granting of a motion to strike is appropriate") (cited by Resource).  Resource acknowledges that motions to strike are

- 1 -

to be granted where required for the purposes of justice, for example, where the moving party shows prejudice due to the insufficient affirmative defense. (D.E. # 30, pp. 3-4). Resource, however, takes issue with the application of *Twombly-Iqbal* to its affirmative defenses, refuses to acknowledge that its defenses are insufficiently pled under either *Twombly-Iqbal* or a fair notice standard, and fails to recognize that its insufficiently pled affirmative defenses will cause prejudice to the Commission. The Commission addresses each of these points of disagreement in turn.

## III.    Application of the *Twombly-Iqbal* Standard to Affirmative Defenses

Resource errs in arguing that the *Twombly-Iqbal* standard does not apply to affirmative defenses. In particular, Resource fails to recognize the import of *Woodfield*. The Fifth Circuit's approach in *Woodfield* mandates applying the same pleading standard to complaints and affirmative defenses. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleading requirements as is the complaint"). Therefore, *Woodfield* compels application of *Twombly-Iqbal*'s heightened pleading standard to affirmative defenses. *See Vargas v. HWC General Maintenance, LLC*, 2012 WL 948892, at *2 (S.D. Tex. 2012) (citing *Woodfield* and agreeing with the "numerous district courts that found the plausibility standard of *Twombly* and *Iqbal* applicable to assessing the sufficiency of affirmative defenses").

For this same reason, Defendant's argument that application of *Twombly-Iqbal* fails to account for textual differences between 8(a), 8(b), and 8(c) is unavailing. The *Woodfield* court was certainly aware of the text of Rule 8. However, in holding that "affirmative defense[s] [are] subject to the same pleading standards as complaint[s]" the *Woodfield* court implicitly rejected the argument Defendant now makes.

Defendant also gives short shrift to the sound policy reasons supporting the application of

*Twombly-Iqbal* to affirmative defenses. Many district courts have found that it is only fair to hold defendants to the same standards in pleading affirmative defenses as plaintiffs in pleading a cause of action. *See Topline Solutions, Inc. v. Sandler Sys., Inc.*, No. L-09-3102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010) ("First, it would be incongruous and unfair to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard"); *Francisco v. Verizon South, Inc.,* 2010 WL 2990159, at *4 (E.D. Va. July 29, 2010) ("[I]t neither makes sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense might possibly apply in the case").

Moreover, the efficiency and expense concerns that motivated the Supreme Court holdings in *Twombly-Iqbal*, apply with similar force in the context of affirmative defenses. "*Iqbal* and *Twombly* were meant to eliminate the potential high costs of discovery associated with implausible claims, and boilerplate defenses can lead to the same costly effect on litigation as inadequate complaints." *Nixson v. The Health Alliance*, No. 1:10-CV-00338, 2010 WL 5230867, at *2 (S.D. Ohio Dec. 16, 2010) (internal citation omitted).

Here, Defendant concedes that it asserted a number of its defenses "out of an abundance of caution." (D.E. # 30, p. 6). However, as the court noted in *Francisco* "'[b]oilerplate defenses clutter the docket; they 'create unnecessary work,' and 'in an abundance of caution' require significant unnecessary discovery. Encouraging defendants to do so would cause costs to skyrocket." *Francisco*, 2010 WL 2990159, at *4. In other words, holding affirmative defenses to a lower pleading standard would only encourage boilerplate, shotgun type pleading of affirmative defenses. This would, in turn, undermine the efficiency and expense concerns that

- 3 -

motivated the decisions in *Iqbal* and *Twombly*. The challenged defenses here, boilerplate and containing no factual particularity, are exactly the type of affirmative defenses to which the *Francisco* court refers as warranting an application of *Twombly-Iqbal*.

Defendant cites Form 30's treatment of a "failure to state a claim" defense as indicating that the *Twombly-Iqbal* standard is not required of a defendant in an Answer. (D.E. # 30, p. 6). At best, however, the conclusions to be drawn from Form 30 are mixed. Form 30 was added in April 2007, prior to the Supreme Court's decision in *Twombly* in May 2007. Fed. R. Civ. P. Form 30. Therefore it cannot be used to argue that *Twombly* should not be extended to apply to affirmative defenses. At most, it shows that prior to *Twombly* the pleading standard was as relaxed for answers as it was for complaints. *See Conley v. Gibson*, 355 U.S. 41 (1957) *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Second, as the court in *Francisco* pointed out, Form 30 can be read as supporting the conclusion that the pleading of affirmative defenses requires more than a mere label or conclusion. The court stated

> Finally, Form 30, appended to the Federal Rules of Civil Procedure pursuant to Rule 84, underscores the notion that a defendant's pleading of affirmative defenses should be subject to the same pleading standard as a plaintiff's complaint because it includes factual assertions in the example it provides. The Form includes within it a suggestion that minimal facts be asserted before raising a statute of limitations defense.

*Francisco,* 2010 WL 2990159, at *8. Accordingly, Defendant's reliance on Form 30 is misplaced.

## IV. Resource Erroneously Asserts that Its Pleading is Sufficient Under the Fair Notice Standard

Resource admits that, at a minimum, the fair notice standard applies, but erroneously concludes it has sufficiently pled its affirmative defenses under the standard. (D.E. # 30, pp. 7-8).

Resource first argues that "detailed factual assertions" are not required to satisfy the fair

- 4 -

notice standard. (D.E. # 30, p. 7). Even under a fair notice standard, however, Defendant "must allege sufficient facts to give the EEOC fair notice of the nature of the affirmative defense and prevent unfair surprise." *E.E.O.C. v. Courtesy Bldg. Servs., Inc.*, No. 3:10-CV-1911-D, 2011 WL 208408, at *2 (N.D. Tex. Jan. 21, 2011) (applying the *Woodfield* fair notice standard).

Even applying this minimal standard, Resource has not alleged sufficient facts in pleading its affirmative defenses to impart fair notice to the Commission. While the Commission can discern the boilerplate name for some of the defenses asserted by Resource, or the legal concept Resource attempts to invoke, there is an absence of specifics and particularity in Resource's allegations. The case law in the Fifth Circuit makes clear that such conclusory, boilerplate, nonspecific allegations and labels are not sufficient, even under the fair notice standard. *See Courtesy Bldg. Servs., Inc.*, 2011 WL 208408, at *2; *Cosmetic Warriors Limited v. Lush Boutique, L.L.C.,* 2010 WL 481229, at * 1 (E.D. La. Feb. 1, 2010); *Mumphrey v. Credit Solutions of Am., Inc.*, No. 3:09-CV-1208, 2010 WL 652834, at *1 (N.D. Tex. Feb. 24, 2010). Resource conveniently ignores these cases and other cases cited in the Commission's Memorandum, which hold that similar attempts to assert similar defenses do not provide fair notice to a plaintiff.

Instead of addressing the lack of specifics in its pleading, Resource attempts to argue that the Complaint itself should provide the required factual basis. (D.E. # 30, p. 8). This argument merely underscores the insufficiency of Resource's pleading. Resource cannot provide fair to the Commission by merely making general reference back to the Commission's own Complaint. This is especially true in a case such as this, which involves multiple claims and multiple aggrieved individuals.

Resource further argues that "where there are disputed questions of law and fact, the

court should leave the sufficiency of the allegations for determination on the merits." (D.E. # 30, p. 7). This argument misses the point. The Commission is not attempting to litigate the merits of the alleged affirmative defenses pled by Resource or asking the court to rule on differing interpretations of the underlying law or disputed facts. In fact, the alleged affirmative defenses are pled so generally and vaguely that it would be impossible to do so. Instead, the Commission is asking this Court to strike the alleged affirmative defenses. Many of them are not affirmative defenses and, in any case, are not asserted with sufficient particularity to impart fair notice to the Commission.

## V.     All of the Challenged Defenses are Insufficiently Pled

All of the challenged defenses suffer from the defect that they are wholly conclusory, boilerplate, and lack specifics. They fail to meet the plausibility or fair notice standards. Resource fails to link any of its defenses to particular claims or allegations in the Commission's Complaint. Instead, Resource employs a classic example of improper "shotgun" pleading. *See S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986) (*overruled on other grounds in Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 870, 874 (5th Cir. 1988) (en banc)) ("[T]his 'shotgun approach' to pleadings, . . . where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick, is to be discouraged."); *Ward v. Life Investors Ins. Co. of Am.*, 383 F. Supp. 2d 882, 889 (S.D. Miss. 2005).

In its Response, Resource simply insists, as to each of the challenged defenses, that it has pled with sufficient particularity to impart fair notice, ignoring the case law the Commission has cited showing the contrary. Resource also repeatedly suggests that simply naming a defense, absent any factual specificity, imparts fair notice. (D.E. # 30, p. 14). Because the Commission has already addressed in detail how the challenged defenses fail to impart fair notice (D.E. # 23),

only a few salient examples are addressed below.

Resource's response to the challenge of its First Affirmative Defense, for example, is that the Commission "is well aware of the administrative criteria necessary to bring litigation." (D.E. # 30, p. 9). In other words, Resource argues that the Commission should have to guess in which way Resource is asserting there has been a failure to exhaust administrative remedies. This falls well short of the specificity required by Rule 9(c) of the Federal Rules and the case law. *See Courtesy Bldg. Servs., Inc.*, 2011 WL 208408, at *5.

Similarly, in responding to the challenge of its Third Affirmative Defense, Resource argues that Form 30 does not require more than the bare assertion of failure to state a claim as an affirmative defense. First, Form 30 does not list "failure to state a claim" as an affirmative defense. Second, the Fifth Circuit and courts within the Fifth Circuit have found that more is required. *See Lebouef v. Island Operating Co.,* 342 Fed. App'x 983, 985 (5th Cir.2009) ("[G]iven that there are nineteen affirmative defenses listed in rule 8(c), as well as other deficiencies that can cause failure to state a claim, the defendant must provide at least some information that alerts the plaintiff to what the alleged problem is [at the pleadings stage]."); *see also Courtesy Bldg. Servs., Inc.*, 2011 WL 208408 at *3; *Klein v. Fed. Ins. Co.*, No. 7:03-CV-102-D, 2014 WL 4476556, at *6 (N.D. Tex. Sept. 11, 2014).

Similarly, with respect to the challenge of its Fourteenth Affirmative Defense, Resource ignores the case and argues that "it is not required to prove the elements of its defense." (D.E. # 30, p. 13). The Commission has not asked Resource to prove the elements of its defense. Rather the Commission has asked for sufficient facts to fairly notify it of the specific acts that form the basis of Resource's alleged defense. *See Woodfield,* 193 F.3d at 362 (finding that "baldly naming," without any particulars, "broad affirmative defenses" of accord and satisfaction and

waiver and release fell well short of what is required to impart fair notice).  Resource notes in its Response that each of the defenses identified were "pled as a defense based upon the facts detailed by the Plaintiff in the Complaint."  (D.E. # 30, p. 13).  Yet Resource does not identify which defenses apply to which claims in the Complaint.  Defendant should not be allowed to "hide the ball" in this manner.

With respect to its Sixteenth and Twelfth Affirmative Defense, Resource again does not put forth the facts and circumstances that would render an award of punitive damages unconstitutional.  Resource fails to do so despite the fact that in its pleading it avers that "under the circumstances" an award of punitive damages would be unjust.  Rather than pleading those facts or explaining what those circumstances are, Resource merely asserts that there are some instances where an award of punitive damages might be unconstitutional.  (D.E. # 30, p. 14-15).  This is an insufficient, boilerplate pleading.

Resource's Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Twelfth, Sixteenth, Seventeenth, and Nineteenth Affirmative Defenses all suffer from the fatal defect that they are not affirmative defenses at all, but simply allegations attempting to deny elements of the Commission's *prima facie* case or otherwise deny allegations in the Commission's Complaint. Accordingly, they are invalid as a matter of law, redundant, and due to be stricken.

Resource stubbornly fails to recognize that "[a] defense is not an affirmative defense where it merely negates an element of the plaintiff's *prima facie* case." *Etienne v. Wal-Mart Stores*, 197 F.R.D. 217, 220-221 (D. Conn. 2000), (internal citations and quotations are omitted); *see also F.T.C. v. Think All Pub. L.L.C.,* 564 F. Supp. 2d 663, 665–66 (E.D. Tex. 2008) (striking affirmative defenses that "disprove one or all of the elements of a complaint" as redundant); *Weisman v. First Data Merchant Servs. Corp.,* 2006 WL 3694853, at *1 (N.D. Ill Dec. 11, 2006)

(striking affirmative defense of legitimate business reasons in Title VII discrimination case as defendant's "statements are not affirmative defenses, they are denials of plaintiff's allegations that are redundant of its answer to the complaint").

## VI. Resource's Vague, Boiler-Plate Pleading Prejudices the Commission

Rather than remedying the deficiencies in its challenged defenses, Resource repeatedly argues that the Commission has not suffered/demonstrated any prejudice. First, this argument ignores the simple fact that the Commission has already been prejudiced by having to devote time and resources to the filing of this Motion as a direct consequence of the insufficient pleading.

Second, the Commission will suffer additional prejudice should the court allow the challenged defenses to stand. The Commission will be required to spend even more time and expense during discovery to determine which of Resource's boilerplate defenses are legitimate and which are not, which defenses Resource genuinely intends to rely upon and which were asserted merely "in an abundance of caution," or solely for the purpose of distraction. *See Frank v. Shell Oil Co.*, 2011 WL 5182781, at *15–19, (E.D. La. Oct. 31, 2011) *on reconsideration in part*, 2012 WL 1230736 (E.D. La. Apr. 12, 2012) ("Such motions serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent litigating issues which would not affect the outcome of the case") (internal quotation omitted). The lack of any factual assertions by Resource in its pleadings all but guarantees unfair surprise. The Commission will have to serve interrogatories, request a voluminous number of documents and conduct depositions to determine the factual basis for each of the defenses asserted, wasting substantial time and resources. A plaintiff "should not be left to discover the bare minimum facts constituting a defense until discovery, since "the purpose of

discovery is to find out additional facts about a well-pleaded claim, *not to find out whether such a claim exists*." *Holtzman v. B/E Aerospace, Inc.* 2008 WL 2225668 at \*2 (S.D. Fla. May 29, 2008). Resource should not be permitted to send the Commission on a wild goose chase during discovery by asserting a laundry list of vague, boilerplate defenses.

## VII.    Conclusion

Resource has pled numerous defenses in a vague, conclusory, and boilerplate manner. For all of the foregoing reasons, and the reasons stated in the Commission's original Memorandum (D.E. # 23), the Commission respectfully requests that the Court grant the motion and strike each of the challenged affirmative defenses and paragraph 9 of Resource's Answer.

Date:    June 22, 2015

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**C. EMANUEL SMITH**
Regional Attorney
MS Bar No. 7473

**MARSHA L. RUCKER**
Supervisory Trial Attorney
PA Bar No. 90041

*/s/ Christopher Woolley*
**CHRISTOPHER WOOLLEY**
Trial Attorney
CA Bar No. 241888
christopher.woolley@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1130 22nd Street South, Suite 2000
Birmingham, AL 35205

- 10 -

(205) 212-2064

**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 011730

**GERALD L. THORNTON**
Supervisory Trial Attorney
TN Bar No. 15898
gerald.thornton@eeoc.gov

**MATTHEW H. MCCOY**
Trial Attorney
IN Bar No. 29368-49
matthew.mccoy@eeoc.gov

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0075

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2015, I filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

*/s/ Christopher Woolley*
Christopher Woolley