IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                    PLAINTIFF

VS.                                                                     CIVIL ACTION NO. 3:14cv217

RESOURCE EMPLOYMENT SOLUTIONS, LLC                                    DEFENDANTS

**ORDER**

This lawsuit involves serious allegations of employment discrimination, specifically that defendant systematically favored Hispanic workers over African-American workers in allocating work assignments. This court presently has before it motions field by each party contesting the pleadings of the other party, but, as discussed below, the court finds neither of these motions to be well taken.

For its part, plaintiff Equal Opportunity Employment Commission ("EEOC") has filed a motion to strike many of the affirmative defenses raised by defendant in its answer, asserting that they fail to comply with applicable pleading standards. Having reviewed defendant's answer, this court concludes that while some of the affirmative defenses could have been phrased better, they nevertheless fall within the range of acceptable pleading practices. Indeed, as discussed below, this court regards some of the language in the affirmative defenses to be helpful to plaintiff, which makes the motion to strike those affirmative defenses seem rather ironic. This court notes that it rarely encounters motions to strike affirmative defenses, since parties generally understand that the initial pleadings are merely the opening salvoes in a lawsuit and that ample

1

time exists to flesh out the issues raised therein.  This court will accordingly deny plaintiff's motion without prejudice as to its ability to re-raise the issues therein at a later stage of the litigation, if it should develop that genuine disputed issues persist in this regard.

Defendant has filed its own rather technical motion, namely a motion seeking dismissal due to the wrong defendant having been named in this lawsuit.  In support of its motion, defendant argues that the entity which made the employment decisions at issue in this case is Resource Staffing, which was the defendant in a 2011 EEOC complaint which eventually led to this lawsuit.  The named defendant in this lawsuit is Resources Employment Solutions, LLC ("RES") and, notably, RES does not contend that it is a stranger to Resource Staffing.  To the contrary, RES admits that, in March 2013, it "purchased Resource Staffing in an asset only partial purchase."  Given the admittedly close relationship between RES and Resource Staffing, this court is, at the outset, skeptical of a motion which seeks to simply dismiss the sole defendant (and thus this case), rather than a more typical motion to amend the complaint to substitute the correct defendant.  If it is RES's position that the March 2013 transaction leaves no one to answer for the alleged employment discrimination in this case, then this is a position which this court will be highly reluctant to accept, for reasons which should be obvious.

RES's motion to dismiss seems to operate on the assumption that its "asset only partial purchase" of Resources Staffing leaves it with no liability for any Title VII violations committed by that entity, but it is far from clear to this court that such is the case.  Indeed, issues such as this are generally addressed by citations to authority, and RES's brief is completely devoid of any such authority.  RES's brief does provide citations to authority in its boilerplate discussion of dismissal standards, but it provides no authority regarding the actual substance of its motion.

That is, RES offers no authority regarding its central argument that it has no liability in light of its partial purchase of Resources Staffing, and it likewise fails to offer any authority in support of its contention that this court lacks personal jurisdiction over it, notwithstanding its partial purchase of Resources Staffing. For its part, this court might well have expected that the act of partially purchasing Resources Staffing would suffice to establish personal jurisdiction over RES in this state. This court would certainly be open to being persuaded otherwise, but, once again, actual authority in this regard would be necessary to do so.[1]

This court views defendant's motion to dismiss as being particularly inadequate in light of its answer in this case, which strengthens the court's impression that the relationship between RES and Resources Staffing is a close one. Indeed, defendant's affirmative defenses suggest that the entity which made the relevant employment decisions at issue in this case participated in the drafting of the answer. For example, the answer raises the defenses that:

**Fourth Affirmative Defense**
Defendant's actions were a just and proper exercise of managerial discretion, undertaken for a fair and honest reason, regulated by good faith under the circumstances then existing.
**Fifth Affirmative Defense**
Defendant would have made the same employment decision notwithstanding Nakia Sanford and the class of black and non-Hispanic applicant's race or national origin.

There are a number of similar affirmative defenses raised in the answer which seem to suggest knowledge on the part of the drafter regarding the employer's decision-making process.

This court does not base its ruling today upon the answer and defenses, since defendant

---

[1]This court additionally notes that RES failed to raise lack of personal jurisdiction as one of the many affirmative defenses in its answer. Plaintiff is therefore correct in arguing that the defense was waived, in addition to being unsupported by authority.

did raise as an affirmative defense that the wrong defendant was named in the complaint and it is, of course, allowed to raise alternative defenses. Still, the answer does heighten this court's suspicion that the connections between RES and Resource Staffing are extensive, which makes this court even more reluctant to accept as adequate a motion to dismiss, lacking in authorities, which would leave no one to answer for the serious allegations in this case. This court will therefore deny the motion to dismiss, and it suggests that the parties consult, in cooperation with the Magistrate Judge, regarding the identity of the correct defendant in this case, so that they may decide whether an amended complaint is necessary. The Magistrate Judge may order discovery in this regard if she deems such to be necessary. This court concludes, however, that defendant has failed to officer sufficient legal support for its motion to dismiss and that motion will therefore be denied.

It is therefore ordered that plaintiff's motion to strike [22-1] is denied and that defendant's motion to dismiss [38-1] is likewise denied.

So ordered, this, the 23rd day of February, 2016

                                    **/s/ MICHAEL P. MILLS**
                                    **UNITED STATES DISTRICT JUDGE**
                                    **NORTHERN DISTRICT OF MISSISSIPPI**