IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RESOURCE EMPLOYMENT SOLUTIONS, LLC, )<br>)<br>Defendant. ) | Civil Action No.: 3:14-cv-00217-MPM-SAA |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S FIRST
MOTION TO COMPEL DISCOVERY**

Defendant Resource Employment Solutions, LLC ("Defendant" or "Resource LLC") by and through counsel files this Response in Opposition to Plaintiff Equal Employment Opportunity Commission's ("EEOC") First Motion to Compel Discovery.

I. PROCEDURAL HISTORY

Plaintiff filed this action in the United States District Court for the Northern District of Mississippi Oxford Division on September 30, 2014, alleging that the Defendant's employment practices during the February 2011 to November 2011 time period were discriminatory in that Defendant's selection process favored Hispanic applicants. (D. E. 1, Complaint, Exhibit 4). The EEOC originally identified eleven alleged aggrieved parties including the one charging party, Nakia Sanford. The EEOC claims to have identified some thirty additional alleged aggrieved parties. However, July 31, 2015 was the deadline for the Parties to file any joinder or amended pleadings. (D.E. 27, Case Management Order). The parties have engaged in extensive discovery

1

including Defendant responding to Plaintiff's First Set of Interrogatories, First Set of Requests for Production of Documents, and Plaintiff's Second Set of Interrogatories, as well as Defendant deposing seven of the originally identified alleged aggrieved parties.

## II. FACTUAL BACKGROUND

Defendant, a temporary staffing agency, is a Florida Limited Liability Company registered to do business in Tennessee and Mississippi beginning on or about March 2013. (D. E. 39-1, Declaration of L. Lluberes). In March 2013, Resource LLC purchased Resource Staffing in an asset only purchase. (D.E. 39-1, Declaration of L. Lluberes).

On May 11, 2011, Sanford was placed as a temporary worker at FedEx Smart Post. On September 22, 2011, Sanford filed a charge with the EEOC alleging race and national origin discrimination against Resource Staffing. Resource Staffing responded to the charge and provided documents requested by the EEOC. Due to family reasons, Sanford voluntarily ceased working in December 2011. In February 2012, Sanford re-applied, but was not eligible to be placed at FedEx Smart Post because the required FedEx Smart Post background check revealed that Sanford had a felony conviction.

During the charge investigation, Resource Staffing handed over voluminous information as requested by the EEOC in its initial investigation.

As noted above, after the initial charge, but before the filing of this lawsuit, Resource LLC purchased Resource Staffing. Defendant Resource LLC has responded in good faith and continues to respond in good faith to Plaintiff's discovery requests and requests for production with all the information currently available to it. Defendant has submitted some 1,359 pages of documents to Plaintiff, much of it consisting of the same information that Resource Staffing provided in the charge investigation. Plaintiff's allegations that Defendant has provided deficient discovery

responses in regards to Plaintiff's Requests for Production numbers 9, 12, 13, 15, 19, and 20 is incorrect and without merit. Defendant has objected to Plaintiff's Requests to the extent they seek documents outside Defendants control or possession, are overbroad as to time and scope, or because the information sought is not responsive or relevant to a claim or likely to lead to the discovery of any admissible information. Defendant Resource LLC has in good faith attempted to respond and produce responsive relevant information to the EEOC.

### III. LAW & ARGUMENT

It is clear that the EEOC is improperly attempting to expand the scope of this litigation from a defined 10 month time period in 2011 to over a <u>6 year</u> time frame. Such conduct is an unconscionable heavy-handed exercise of governmental action which Defendant asserts is disguised to make this litigation so financially burdensome to Defendant. Courts have recognized that Title VII plaintiffs "do not have an unlimited ability to delve into their employers' policy and personnel records, even when they have alleged a pattern of discrimination" and that the needs and rights of both the plaintiff and the defendant are to be balanced. *Franklin v. Living Centers–East, Inc.*, No. Civ.A. 98-36301999, WL 615171, at *1, *2 (E.D.La. 1999) (citing *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991) (citing *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983)). Accordingly, this Court should balance both relevance and proportionality to the needs of the case with Plaintiff's demands for information. Based on this balancing test, Defendant submits that Plaintiff's discovery requests are overbroad in scope and time and not relevant due to the temporal time identified by the EEOC in Sanford's EEOC Charge, and its Determination and Conciliation efforts. Plaintiff clearly stated in its Determination Letter and Complaint that the alleged discrimination occurred between February 2011 and November 2011. (D.E. 1, Complaint, Exhibit 4). However, Plaintiff now, in its discovery requests, wants to

arbitrarily expand the temporal scope of discovery to include a wide time frame of almost six years - which is not relevant to this matter. The EEOC's efforts to obtain such a vast time period of documentation is nothing more than a fishing expedition into information which is not relevant or temporally related to the allegations of the Complaint.

Specifically, the Request for Production at issue by Plaintiff are outside the temporal scope of discovery, not relevant, and some would create an undue burden for Defendant to produce, which are detailed below.

**REQUEST FOR PRODUCTION NO. 9**: A copy of Defendant's financial statements, including its Profit and Loss Statements, Income Statements, Balance Sheets, and Federal Income Tax returns from January 1, 2009 to the present.

**RESPONSE NO. 9:** OBJECTION. Defendant objects to this request on the basis that it seeks documents that are not relevant to a claim or defense of the parties, nor is it likely to lead to the discovery of admissible evidence, since Plaintiff has set forth only a conclusory demand for punitive damages. Subject to and without waiving any objection, relevant non-privileged documents, will be made available to Plaintiff at a time and in a manner that the Court deems appropriate.

**SUPPLEMENTAL RESPONSE NO. 9:** Subject to and without waiving any objections or foregoing objections, Defendant further states that it is a privately held company and that at this time there are no facts to support punitive damages. The Complaint makes a conclusory statement regarding punitive damages. Therefore, the financial information is not relevant, and upon a showing of facts that would support a finding of punitive damages, Defendant will produce the financial information in a manner as directed by the Court to protect the privacy of Defendant's financial information.

Defendant asserts that this request for production is overbroad as to the time. Plaintiff's request for financial documents spanning from January 1, 2010 to the present is unfounded being that its claim for punitive damages is speculative at best. Defendant agreed prior to the filing of this Motion to provide the current financial information to the EEOC after entry of a protective order.

**REQUEST FOR PRODUCTION NO. 12:** With respect to any electronically stored information that has been used by Resource Employment Solutions, LLC, to record personnel information on any employees, either temporary or permanent, employed by Resource Employment Solutions,

4

LLC, and placed at, referred to, assigned to the FedEx Smart Post or any other worksite where Defendant placed, assigned, referred, or supplied workers through Defendant's office(s) located in Memphis, Tennessee) during the period of January 1, 2010, to the present inclusive, please produce:

    a.    The first ten pages of data from any reports regularly generated or printed from the electronically stored information where the report contains any personnel information.

    b.    Any record layout, data dictionary, or other document that identifies or describes the records or fields in any file or table that contains personnel information.

    c.    Any coding sheets, code books, or other documents used to interpret or explain codes or abbreviated entries for personnel information.

    d.    Hard-copy printouts of any look-up tables that explain coded or abbreviated entries for any personnel information.

    e.    Any manuals, guidebooks, or instructions describing the computer program, file, or database containing personnel information.

    f.    Any operator manual or data entry manual for the computer program, file, or database, or any other documents that describe or show the screens displayed when accessing the program, file, or database containing personnel information.

    g.    Any documents which identify the name, model number, operating system, configuration and location of the computer used to create, access, modify or otherwise process the computer program, file, or database containing personnel information.

    h.    Any documents which identify the medium on which the computer program, file, or database containing personnel information is stored, e.g., tape, hard disk, or CD.

**RESPONSE NO. 12:** Defendant incorporates by reference its general objections, as if stated herein. Defendant objects on the basis that the request is overbroad as to time, since the allegations relate to time period from February 2011 to November 2011. Defendant objects to this interrogatory on the basis that it is overbroad as to scope. Defendant objects to this request on the basis that it is impermissibly compound to the extent that it ask for separate categories of information. Subject to and without waiving any objections, Defendant will produce non-privileged responsive documents to the extent such documents are in the Defendant's possession, custody, or control and can be located after a reasonable search.

**SUPPLEMENTAL RESPONSE NO. 12:** Subject to and without waiving any objections, Defendant does not have any electronically maintained documents from February 2011 to December 2011 responsive to Request No. 12 with the exception of the data maintained in ADP.

Defendant did not maintain any electronic personnel information on any employees, either temporary or permanent, and placed at, referred to, assigned to the FedEx Smart Post or any other worksite during 2011. All of the application information was maintained in hard copy form, with the exception of payroll records, which have been provided in hard form. Likewise, Defendant has provided any personnel file information that was available in hard copy form.

This request for production is overly broad as to scope by its reference to any electronically stored information regarding personnel information. *See Aikens v. Deluxe Financial Services, Inc.*, 217 FRD 533, 538 (D. Kansas 2003) (Court held a request overbroad and unduly burdensome on its face when it sought all document "regarding" or "relating" to the lawsuit and the eleven plaintiffs and their EEOC charges). Specifically, Plaintiff requests, "electronically stored information that has been used by Resource Employment Solutions, LLC, to record personnel information on **any employee, either temporary or permanent**, employed by Resource Solutions, LLC, and placed at, referred to, assigned to the FedEx Smart Post or any other worksite where Defendant placed, assigned, referred or supplied workers through Defendant's office(s) located in Memphis, Tennessee...." Plaintiff also requests a plethora of items in multiple categories of information within this request.

Plaintiff's allegations against Defendant focuses on the work site of the FedEx Smart Post location in Southaven, MS. Providing any information regarding employees outside of this location is both irrelevant and unnecessary. Federal Rule of Civil Procedure 26(b)(1) allows:

> [p]arties [to] obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Plaintiff's interpretation of this Rule is misguided. Although, information within the scope of discovery need not be admissible, it must be relevant to a party's claim or defense. *Id.* The Fifth Circuit Court of Appeals has emphasized that the context of an employment discrimination complaint should most naturally focus on the source of the complained of discrimination - the employing unit or work unit. *EEOC v. Packard Electric Division, General*

6

*Motors Corp.*, 569 F.2d 315 (5th Cir. 1978).

Additionally, Plaintiff's request for information regarding *any* employee, regardless of status is overbroad. Defendant operated a temporary employment service where many employees applied and never worked for Defendant at the FedEx Smart Post location, or at all. Plaintiff's request for documents during the time period identified by the EEOC in its discovery and motion to compel, is overly broad and not responsive as to the any of the allegations against Defendant as defined by Plaintiff in the lawsuit, because the purported class members only worked at the FedEx Smart Post location in Southaven, Mississippi.

This request for production is overbroad as to the time. Plaintiff's request for documents spanning from January 1, 2010 to the present is both overbroad as to time and not relevant to Plaintiff's claims in this matter. Defendant has provide relevant non-privileged documents that are responsive to Plaintiff's requests for production from January 2011 to December 2011, as that is the relevant timeframe for the alleged discrimination. Defendant has offered to provide documents through 2012, which was refused by Plaintiff.

Accordingly, this Court should limit the Plaintiff's request to only those employees who worked for Defendant at the FedEx Smart Post location in 2011.

**REQUEST FOR PRODUCTION NO. 13:** Any documents or electronically stored information that describe Defendant's e-mail system during the period January 1, 2010, to the present, including but not limited to:

a. Any documents or electronically stored information that describe Defendant's email system(s).
b. Any documents or electronically stored information that describe a system for preserving or backing up e-mails, including any policy or procedure for re-use of backup media.
c. Any documents or electronically stored information that describe a system for purging or erasing e-mails.
d. Any documents or electronically stored information that describe a system or method for retrieving e-mails that have been deleted from users' individual computers.

7

e. Any documents or electronically stored information that describe a system or method for retrieving e-mails from a network server or from some other source.

**RESPONSE NO. 13:** Defendant incorporates by reference its general objections, as if stated herein. Defendant objects on the basis that the request is overbroad as to time, since the allegations relate to time period from February 2011 to November 2011. Defendant objects to this interrogatory on the basis that it is overbroad as to scope by use of "any" documents. Defendant further objects to this request on the basis that it is impermissibly compound to the extent that it ask for separate categories of information. Subject to and without waiving any objections, Defendant will produce non-privileged responsive documents to the extent such documents are in the Defendant's possession, custody, or control and can be located after a reasonable search.

**SUPPLEMENTAL RESPONSE NO. 13:** Subject to and without waiving any objections, Defendant does not have any documents from February 2011 to December 2011 responsive to Request No. 12 with the exception of the data maintained in ADP and outlook.

Defendant does not have any responsive information and did identify the use of outlook as the email system in use by Defendant and ADP for payroll purposes used by Defendant. Plaintiff asserts that Defendant has not complied with this request.

Plaintiff's request for documents spanning from January 1, 2010 to the present is overly broad and not responsive to this matter. The relevant timeframe as identified by Plaintiff regarding the alleged discrimination occurred from February 2011 to November 2011. Defendant has provided relevant, non-privileged documents that are responsive to Plaintiff's requests for production through 2011. Defendant has offered to produce the relevant information through 2012; however this was not agreeable to Plaintiff.

Moreover, Plaintiff's request for information pertaining to the operation of Defendant's e-mail system has no bearing on its face to any claims asserted by Plaintiff or being defended by Defendant, nor does Defendant have any of the categories of information in its possession. Thus, the Court should not require Defendant to provided additional information in regards to this request for production.

8

**REQUEST FOR PRODUCTION NO. 15:** For all persons who applied at Defendant's Memphis office(s) for placement as temporary workers in the Memphis and/or North Mississippi area (including but not limited to placement at the FedEx Smart Post facility) during the period from January 1, 2010, through the present, produce all electronically stored information, computerized files, and databases containing any personnel information (as defined above) whether stored generated, or processed by Defendant or by any other entity under contractual or other arrangements, on mainframe computers, "mini"-computers, network servers, personal computers, or other similar electronic equipment, including but not limited to the following:

a. All database tables from any human resource or payroll system.

b. If not otherwise provided, all database tables used to access, extract, process, export, or copy any computerized personnel information transferred at any time to the Defendant's expert(s).

c. If not otherwise provided, all database tables from archival backup databases or files (such as monthly, quarterly, and end-of-year "snapshot" files) from any TMC Corp. human resource or payroll system.

d. If not otherwise provided, all database tables containing personnel transactions including, but not limited to,

    (1) effective date(s);
    (2) "present" ("from") and "change to" values; and
    (3) employee change codes (both alphanumeric values, e.g., "3107," and descriptive labels, e.g., "SEASONAL, PART-TIME HIRE"); showing, among other items, any and all changes in a person's employment conditions (including, but not limited to, changes in amounts and types of compensation, job titles, salary grades, work and project assignments, performance evaluations, leave, promotions, transfers, benefits, termination, and rehiring).

e. If not otherwise provided, all electronically stored applicant files, including basic demographic information such as name, address, telephone number, social security number and the information regarding the following: job skill information, job history information, any comments, resume search, cumulative hours, payroll information, job offer, and placement information.

f. If not otherwise provided, all payroll records.

g. If not otherwise provided, all database tables used in the normal course of business to produce computer-generated reports containing personnel information.

The data tables produced in response to Request No. 15 should be produced on compact disks and may be written in one of the following formats: MS-Access, dBase, Paradox, Quattro Pro, Fox Pro compatible files or as Excel spreadsheets where the number of rows in the table does not exceed the maximum allowed in such a format. If it is not possible to produce the tables in one of these formats, they should be produced as ASCII delimited files, accompanied by appropriate documentation. Appropriate documentation includes the name of each field, its location within a record, a complete and accurate description of the contents of each field and does not contain any unexplained codes, terms, or abbreviations, the number of bytes contained in each tile, a log of any queries used to import or export data and a definition of any unexplained codes, terms, or abbreviations in an automated format, such as Excel. Production of "appropriate documentation" means you should also produce any operator manual or data entry manual for the database, or any other documents that describe or show the screens displayed when using the database or when entering information.

**RESPONSE NO. 15:** Defendant incorporates by reference its general objections, as if stated herein. Defendant objects on the basis that the request is overbroad as to time, since the allegations relate to time period from February 2011 to November 2011. Defendant objects to this interrogatory on the basis that it is overbroad as to scope. Defendant further objects to this request on the basis that it seeks information regarding individuals who "applied," which is not relevant to claim or defense of the parties, nor is it likely to lead to the discovery of admissible evidence. Defendant further objects to this request on the basis that it is impermissibly compound to the extent that it ask for separate categories of information. Subject to and without waiving any objections, Defendant will produce non-privileged responsive documents to the extent such documents are in the Defendant's possession, custody, or control and can be located after a reasonable search.

**SUPPLEMENTAL RESPONSE NO. 15:** Subject to and without waiving any objections, Defendant does not have any electronically stored documents from February 2011 to December 2011 responsive to Request No. 15, see Resource000736-1311.

In response to Plaintiff's request, Defendant has provided relevant non-privileged documents that are responsive to Plaintiff's requests for production through 2011, which is the relevant timeframe identified by the EEOC, for the alleged discrimination occurred from February 2011 to November 2011. All of the identified documents were not maintained electronically and Defendant produced in hard copy form the responsive relevant documents, identified with bates stamp number Resource000736-1311.

This request for production is overbroad as to the time and scope. Plaintiff's request for documents spanning from January 1, 2010 to the present is not relevant to this matter.

Notwithstanding that this request for production is overly broad as to time, it is also intrusive and can be accomplished without providing the access to electronically stored information that Plaintiff is requesting. Plaintiff's request would essentially require Defendant to allow Plaintiff unfettered access to its current database to conduct a fishing expedition searching for information to that is not relevant to this matter. Plaintiff is requesting access to a live database that contains *private, personal* information regarding applicants and employees who are not a party to this lawsuit. Courts have held that the production of employment records should not be allowed,

10

absent a compelling demonstration of relevance, because of the inherent privacy interests. *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999).

The court in *Clemons v. Dollar Gen. Corp.* limited the scope of discovery by denying plaintiff's request to access personnel records of defendant's employees—who were not a part of the action. No. 2:09-CV-64, 2010 WL 1994809, at *1,*11 (N.D. Miss. May 18, 2010). The *Clemons* Court examined each disputed interrogatory and request for production thoroughly and concluded that plaintiff's discovery request should be denied. *Id.* at *5. Of note, the *Clemons* Court limited the scope of discovery in regards to the plaintiff obtaining personal information regarding other employees, who were not parties to the action because plaintiff did not demonstrate a compelling reason to access such private information. *Id.* In addition, the *Clemons* Court emphasized the importance of protecting the privacy of employees who are not a party to the action. *Id.* Defendant has produced documents, which includes payroll and personnel data - for many of the identified aggrieved parties Plaintiff is representing - it is unnecessary to allow Plaintiff to obtain access to applicant and employee records. Accordingly, Defendant's production of hard copy documentation regarding those individuals who "applied" to Defendant's business in 2011 is compliant with the scope of this lawsuit and reasonable. Nevertheless, Defendant offered to provide this same information for 2012, which was not agreeable to Plaintiff.

**REQUEST FOR PRODUCTION NO. 19:** All e-mails sent or received by the following persons during the period from January 1, **2010,** through the present, that relate to or reference Defendant's account with FedEx Smart Post, or placements of employees at the FedEx Smart Post location:
    (a)  Suly Lara
    (b)  Victor Heredia
    (c)  Rebecca Mejia
    (d)  Jorge Lomelin
    (e)  Isabella Esmeralda
    (f)  Maribel Gonzalez
    (g)  Jihan Romero
    (h)  Adriana Castro
    (i)  Tamika Burchett

        (j)   Gus (Last Name Unknown)
        (k)   Patrick Chism
        (l)   Jamekia Durham
        (m)  Meko Hardaway
        (n)   Mia Drain
        (o)   Yumika Durham
        (p)   Louis Lluberes
        (q)   Moises Lluberes

The electronically stored information produced in response to Request No. 19 should be produced in the native format (viz. "PST" files), with all metadata and attachments intact. If email has been purged or deleted from active storage at any time since January 1, 2010, the PST files should be restored from backup tapes generated from January 1, 2010 through the present.

**RESPONSE NO. 19:** Defendant incorporates by reference its general objections, as if stated herein. Defendant objects on the basis that the request is overbroad as to time, since the allegations relate to time period from February 2011 to November 2011. Defendant objects to this interrogatory on the basis that it is overbroad as to scope. Defendant further objects to this request on the basis that it is impermissibly compound to the extent that it ask for information from numerous individuals. Subject to and without waiving any objections, Defendant will produce non-privileged responsive documents to the extent such documents are in the Defendant's possession, custody, or control and can be located after a reasonable search.

**SUPPLEMENTAL RESPONSE NO. 19:** Subject to and without waiving any objections, See Resource000016-141, 162-735.

Defendant provided relevant non-privileged hard copy documents that are responsive to Plaintiff's request for productions through 2011, as the relevant timeframe for the alleged discrimination occurred from February 2011 to November 2011.

Defendant avers that this request for production is overbroad as to time and scope. Plaintiff's request for active *pst* documents spanning from January 1, 2010 to the present is overly broad as to the scope and time period based on the claims asserted in this matter and not likely to lead to the discovery of admissible information. Defendant has provided Plaintiff with hard copies of e-mails for the following individuals for the relevant time period in 2011. Plaintiff's request for any e-mails in native format is overly broad because such emails that are available and in Defendant's custody, control, and possession can be obtained in hard copy format - which will

12

display the same information as if it were in native format. This request for production is another example of Plaintiff's attempt to conduct an unfounded fishing expedition.

**REQUEST FOR PRODUCTION NO. 20:** All e-mail received at any time from January 1, 2010 through the present regarding the placement of temporary employees at the FedEx Smart Post worksite (or any other worksite where Defendant placed, assigned, referred, or supplied workers through Defendant's office(s) located in Memphis, Tennessee). The electronically stored information produced in response to Request No. 8 should be produced in the native format (viz. "PST" files), with all metadata and attachments intact. If email has been purged or deleted from active storage at any time since January 1, 2010, the PST files should be restored from quarterly backup tapes generated from January 1, 2010 through the present.

**RESPONSE NO. 20:** Defendant incorporates by reference its general objections, as if stated herein. Defendant objects to this interrogatory on the basis that it is overbroad as to scope on the basis that it seeks "all" emails at "any" time." Defendant objects on the basis that the request is overbroad as to time, since the allegations relate to time period from February 2011 to November 2011. Defendant further objects to this request on the basis that it is unduly burdensome. Subject to and without waiving any objections, Defendant will produce non-privileged responsive documents to the extent such documents are in the Defendant's possession, custody, or control and can be located after a reasonable search.

**SUPPLEMENTAL RESPONSE NO. 20:** Subject to and without waiving any objections, there are not any documents responsive to this request from February 2011 to December 2011.

Defendant does not have any emails regarding the placement of workers at the FedEx Smart Post. Defendant further asserts that this request for production is overbroad as to time and scope. Defendant is a temporary employment service where many applicants applied. Some applicants received placements at the FedEx Smart Post over several years and some have been placed at other locations. Plaintiff's request for "all e-mail received at any time from January 1, 2010 through the present regarding the placement of temporary employees at the FedEx Smart Post worksite or any other worksite" is overly broad on its face by its identification of a large category of documents. *See Cardenas v. Dorel Juvenile Group, Inc.*, 230 FRD 611, 623 (D. Kansas 2005). The over breadth of time and scope of this request is evidence by the information sought regarding placement of employees, who were not placed at the FedEx Smart Post location, as well as the

13

placement of employees placed at the FedEx Smart Post location after 2011. Plaintiff identified the time frame parameters in this litigation as February 2011 to November 2011.

Plaintiff's request of electronically stored records regarding workers from January 2010 to present is nothing more than a fishing expedition by which Plaintiff is taking advantage of the Defendant. Courts have stated that while Title VII cases require broad and extensive discovery, however, such discovery is not without its limits. *See Gillum v. ICF Emergency Mgmt. Servs., L.L.C.*, No. 08-314-C-M2, 2009 WL 2136269, at *2 (M.D. La. July 16, 2009); *Syed v. Director, F.B.I.*, 1990 WL 259734, *3 (E.D.Pa. 1991); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 61–63 (D.N.J. 1985). In *Gillum*, the plaintiff propounded discovery requesting the defendant to produce documents concerning employee complaints of discrimination, harassment, and retaliation based on age for a five-year period. *Gillum*, 2009 WL 2136269, at *1. The *Gillum* Court limited plaintiff's discovery request to only include his age and disparate treatment claim, and limited the plaintiff's request for employee complaints to only those employees who worked in the same department as the plaintiff.

Plaintiff's request for production is overly broad as to time and scope because it requires Defendant to produce information about "all" temporary employees placed at FedEx Smart Post and other locations for almost six years which on its face the relevancy is not readily apparent.

IV. CONCLUSION

The challenged Request for Production are not temporally related to the allegations identified as occurring between February and November of 2011, is unduly burdensome, and is seeking documents that are not relevant to the claims asserted in the Complaint. When balancing the Plaintiff's discovery request against the burden of the Defendant having to produce information not relevant to Plaintiff's claims, nor likely to benefit this matter in comparison to Plaintiff's need

to have this information, the Court should find that Plaintiff's request should be denied, since the discovery requests are not relevant, overly broad as to time, and unduly burdensome.

Wherefore premises considered, Defendant requests that the Court deny Plaintiff's First Motion to Compel.

Respectfully submitted April 5, 2016,

s/Robbin W. Hutton
Robbin W. Hutton (MS # 6482)

FORDHARRISON LLP
1715 Aaron Brenner Dr., Suite 200
Memphis, TN 38120
Telephone: (901) 291-1500
Facsimile: (901) 291-1501
rhutton@fordharrison.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon the following by electronic means via the Court's CM/ECF system, this 5th day of April, 2016:

Faye Williams, Esq., Regional Attorney
Gerald Thornton, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Ave., 9th Floor, Memphis, TN 38104
Telephone: (901) 544-0088

C. Emanuel Smith, Esq., Regional Attorney
Carrie Vance, Esq.
Christopher J. Woolley, Esq.
Marsha Lynn Rucker, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1130 22ND Street South, Suite 2000, Birmingham, AL 35205
Telephone: (205) 212-2045
ATTORNEYS FOR PLAINTIFF

s/Robbin W. Hutton

WSACTIVELLP:8325191.1