IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No.: 3:14-cv-00217-MPM-SAA |
| RESOURCE EMPLOYMENT SOLUTIONS, LLC, ) ) ) ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY**

Defendant Resource Employment Solutions, LLC ("Defendant" or "Resource LLC") by and through counsel files this Response in Opposition to Plaintiff Equal Employment Opportunity Commission's ("EEOC" or "Plaintiff") Second Motion to Compel Discovery.

I. PROCEDURAL HISTORY

Plaintiff filed this action in the United States District Court for the Northern District of Mississippi Oxford Division on September 30, 2014, alleging that the Defendant's employment practices during the February 2011 to November 2011 time period were discriminatory in that Defendant's selection process favored Hispanic applicants. (D. E. 1, Complaint, Exhibit 4). The EEOC originally identified eleven alleged aggrieved parties including the one charging party, Nakia Sanford. The EEOC claims to have identified some thirty additional alleged aggrieved parties. However, July 31, 2015 was the deadline for the Parties to file any joinder or amended pleadings. (D.E. 27, Case Management Order). The parties have engaged in extensive discovery

including Defendant responding to Plaintiff's First Set of Interrogatories, First Set of Requests for Production of Documents, and Plaintiff's Second Set of Interrogatories, as well as Defendant deposing seven of the originally identified alleged aggrieved parties.

## II. FACTUAL BACKGROUND

Defendant, a temporary staffing agency, is a Florida Limited Liability Company registered to do business in Tennessee and Mississippi. (D. E. 39-1, Declaration of L. Lluberes). In March 2013, Resource LLC purchased Resource Staffing in an asset only purchase. (D.E. 39-1, Declaration of L. Lluberes). Resource Staffing and Defendant Resource LLC provided temporary workers to the FedEx Smart Post location in Mississippi.

On May 11, 2011, Sanford was placed as a temporary worker at FedEx Smart Post. On September 22, 2011, Sanford filed a charge with the EEOC alleging race and national origin discrimination against Resource Staffing. Resource Staffing responded to the charge and provided documents requested by the EEOC. Due to family reasons, Sanford voluntarily ceased working in December 2011. In February 2012, Sanford re-applied, but was not eligible to be placed at FedEx Smart Post because the required FedEx Smart Post background check revealed that Sanford had a felony conviction.

During the charge investigation, Resource Staffing handed over voluminous information as requested by the EEOC in its initial investigation.

As noted above, after the initial charge, but before the filing of this lawsuit, Resource LLC purchased Resource Staffing. Defendant Resource LLC has responded in good faith and continues to respond in good faith to Plaintiff's discovery requests and interrogatories with all the information currently available to it. Defendant has submitted some 1,359 pages of documents to Plaintiff, much of it consisting of the same information that Resource Staffing provided in the

charge investigation. Plaintiff makes objection to Defendant's interrogatory responses primarily on the basis that the scope of the request should be to the present (2106) rather than the time frame identified by Plaintiff, which is February 2011 to November 2011. Plaintiff's allegations that Defendant has provided deficient interrogatory responses in regards to Plaintiff's Interrogatory numbers 1, 2, 3, 6, 7, 8, 12, 13, and 16 is incorrect and without merit. Defendant has responded to each of the interrogatories identified by Plaintiff. Defendant despite responding to each interrogatory has objected to the interrogatories because the interrogatories seek information that is overbroad as to time, unduly burdensome, or because the information sought is not relevant to a claim or defense or likely to lead to the discovery of any admissible information. Defendant Resource LLC has in good faith attempted to respond and provide responsive relevant information to the EEOC interrogatories.

## III. LAW & ARGUMENT

It is clear that the EEOC is improperly attempting to expand the scope of this litigation from a defined 10 month time period in 2011 to a <u>6 year</u> time frame. Such conduct is an unconscionable, heavy-handed exercise of governmental action, which Defendant asserts is disguised to make this litigation financially burdensome to Defendant. While, Title VII cases are afforded broad discovery, it is not without its limits. *See Gillum v. ICF Emergency Mgmt. Servs, L.L.C.*, No. 08-314-C-M2, 2009 WL 2136269, at *2 (M.D. La. July 16, 2009); *Syed v. Director, F.B.I.*, 1990 WL 259734, *3 (E.D. Pa. 1991); *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 61–63 (D.N.J. 1985). Courts have recognized that Title VII plaintiffs "do not have an unlimited ability to delve into employers' policy and personnel records, even when they have alleged a pattern of discrimination" and that the needs and rights of both the plaintiff and the defendant are to be balanced. *Franklin v. Living Centers–East, Inc.*, No. 98-36301999, WL 615171, at *1, *2

(E.D.La. 1999) (citing *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991) (citing *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983)). Plaintiff's interrogatories are overly broad as to scope and time, because it requires Defendant to provide irrelevant information for an arbitrary span of time that far exceeds the scope of the time framed by Plaintiff for this litigation which is February 2011 to December 2011. As mentioned above, Defendant was, and is, a temporary employment service where many applicants applied for employment. Like many companies that undergo change in ownership and management, Defendant has provided the documentation and information available and has taken the appropriate steps to maintain the information. Defendant has complied with its "duty to answer" interrogatories "with whatever information" it has. *Pulsecard, Inc. v. Discover Card Services, Inc.*, 1996 WL 397567, at *2 (D. Kan. 1996).

Moreover, the majority of information that is being sought through written discovery has been provided. Just because the Plaintiff does not like the responses to interrogatories does not make the response insufficient. *See Minnis v. Bd. of Sup'rs of Louisiana State Univ. Agric. & Mech. Coll.*, No. 13-5-BAJ-RLB, 2013 WL 6271940, at *1, *4 (M.D. La. Dec. 4, 2013) (holding defendant's response to interrogatory sufficient because good faith effort made to provide responsive information). The crux of the challenge by Plaintiff is the time period for responding. Plaintiff seeks information from 2010 to present (2016). Specifically, Plaintiff's Interrogatory numbers 1, 2, 6, and 13, are outside the temporal scope of discovery. Plaintiff clearly stated in its Determination Letter and Complaint that the alleged discrimination occurred between February 2011 and November 2011. (D.E. 1, Complaint, Exhibit 4). Plaintiff defined the time period of the discrimination in the Determination it issued as well as the Complaint. However, now in its written discovery requests, Plaintiff wants to arbitrarily expand the temporal scope of discovery to

include a wide time frame of almost six years - which is irrelevant to this matter. An analysis of each interrogatory raised in Plaintiff's Second Motion to Compel will lead this Court to conclude that Plaintiff's discovery requests are overbroad as to scope and time.

The Court must balance both relevance and proportionality to the needs of the case of the Plaintiff's demands for information. Based on this balancing test, Defendant submits that Plaintiff's discovery requests are overbroad and are nothing more than a fishing expedition for information that is not relevant to a claim or defense of the parties, nor is likely to lead to the discovery of admissible information.

Defendant has detailed it reasoning in detail below for each interrogatory being challenged by Plaintiff.

**INTERROGATORY NO. 1:** Describe in detail the process by which Defendant recruited, hired, placed and/or assigned applicants for work at the FedEx Smart Post facility from January 1, 2010 through the present, including identification of the date and circumstances under which Defendant began placing and/or assigning employees for FedEx Smart Post, the process Defendant used to recruit and place/assign individuals, and the date Defendant discontinued the placement/assignment of individuals at the FedEx Smart Post worksite, if any.

**ANSWER:** OBJECTION. Defendant incorporates by reference its general objections, as if stated herein. Defendant objects on the basis that the interrogatory is overbroad as to time, since the allegations relate to time period from February 2011 to November 2011. Subject to and without waiving any objection, a candidate completes an application. The candidate would then be screened and interviewed. If the candidate passed the background procedure, the candidate would be hired. The new hire would go through an orientation process regarding rules and regulations before being placed at the FedEx Smartpost site. At the time of hire the new employee is advised that daily work is not guaranteed and it is based upon the daily need of the client, FedEx Smartpost. The new hires were instructed to show up approximately 15-minutes before the start of the assignment. FedEx Smartpost called in daily with the number of workers that would be needed each day. Employees were called to come in. Depending on the volume, number of trucks, and the request from FedEx Smartpost the number of workers utilized would change last minute. This could be a decrease in number of workers or an increase in the number of workers. The Team Leads maintained the sign-in sheets which were signed and sent to accounting.

Despite its objection, Defendant did respond to Plaintiff's interrogatory. The response details the process utilized. For the reasons stated above, and adopted herein, Defendant objected

to this interrogatory on the basis that is overbroad as to time. Defendant has fully responded to this interrogatory with the information that it has available.

**INTERROGATORY NO. 2:** Identify any and all individuals involved in the screening, evaluation and hiring of temporary employees for work at the FedEx Smart Post facility from January 1, 2010 through December 31, 2012. This includes all phases of the hiring process such as application review, interview, and selection. For each person identified, describe the extent and nature of such person's role and participation in the process.

**ANSWER:** OBJECTION. Defendant incorporates by reference its general objections, as if stated herein. Defendant objects on the basis that the interrogatory is overbroad as to time, since the allegations relate to time period from February 2011 to November 2011. Defendant objects on the basis that the interrogatory is overbroad as to scope to the extent that it request identification of "all" individuals. Subject to and without waiving any objections, Rebecca Mejia, Victor Hereda, Adriana Castro.

Despite its objection, Defendant provided a response to Plaintiff's interrogatory based on information available to Defendant. *See Minnis,* 2013 WL 6271940, at *4 (holding defendant's response to interrogatory sufficient because good faith effort made to provide responsive information). Defendant has fully responded to this interrogatory, with the information available to it.

For the reasons stated above in its objections, and adopted herein, Defendant objected to this interrogatory on the basis that it is overbroad as to timeframe and scope.

**INTERROGATORY NO. 3:** Identify all individuals who had any involvement in the screening, evaluation and hiring of Nakia Sanford for employment by Defendant. For each person identified, describe the extent and nature of such person's role and participation in each process.

**ANSWER:** OBJECTION. Defendant incorporates by reference its general objections, as if stated herein. Defendant objects on the basis that the interrogatory is overbroad as to scope to the extent that it request identification of "all" individuals. Subject to and without waiving any objections, see Defendant's response to Interrogatory No. 2.

Despite its objection to the scope, Defendant provided a response to Plaintiff's interrogatory based on the information available to Defendant. *See Minnis,* 2013 WL 6271940, at *4 (holding defendant's response to interrogatory sufficient because good faith effort made to

provide responsive information). Defendant has fully responded to this interrogatory with the information available to it.

For the reasons stated in its objections, and adopted herein, Defendant objected to this interrogatory on the basis that it is overbroad as to scope, since Plaintiff is seeking "all" individuals involved in all screening, evaluation, and hiring.

**INTERROGATORY NO. 6:** Identify each and every employment agency or staffing agency or entity with whom Defendant subcontracted to provide temporary employees to work at the FedEx Smart Post facility. For each employment agency or staffing agency or entity so identified, list
    a)    any and all management or supervisory employees of that entity with whom Defendant communicated concerning the assignment of temporary employees to the FedEx Smart Post facility;
    b)    any and all communications about the process by which the opportunity to work at the Fed Ex Smart Post facility was assigned, allocated, or distributed among Defendant's pool of temporary employees.

**ANSWER:** OBJECTION. Defendant incorporates by reference its general objections, as if stated herein. Defendant objects on the basis that the interrogatory is overbroad as to time, since the allegations relate to time period from February 2011 to November 2011. Defendant objects on the basis that the interrogatory is overbroad as to scope to the extent that it request identification of "all" management or supervisor employees.
Defendant further objects on the basis that the interrogatory is impermissibly compound to the extent that it asks for two separate categories of information in a single request. Subject to and without waiving any objections, Labor Force was associated with Resource Staffing and provided additional workers for the FedEx Smart Post facility.

Despite the reasons stated in its objections, and adopted herein, Defendant provided a response to Plaintiff's interrogatory based on information available to Defendant. Defendant appropriately objects to this interrogatory on the basis that is overbroad as to timeframe and scope, as detailed hereinabove and adopted herein. Further the request is compound requesting two categories of information. It should also be noted that Plaintiff's interrogatory is overbroad as to scope in that it requests information for "all" management and supervisors of subcontractors of Defendant. This interrogatory is seeking overbroad information of "all" managers and supervisors of entities, who are not a party to this action and such overbroad request for information on its face

that will not lead to the discovery of any information that is relevant to Plaintiff's claims against Defendant. *See Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533, 538 (D. Kansas 2003) (Court held a request overbroad and unduly burdensome on its face when it sought all document "regarding" or "relating" to the lawsuit and the eleven plaintiffs and their EEOC charges). Plaintiff's claims against Defendant are the alleged discriminatory practices against non-Hispanic workers from February 2011 to November 2011.

**INTERROGATORY NO. 7:** Identify each of Defendant's employees or agents and/or any other persons who participated at any time in the formulation, development, implementation, modification, analysis, and/or review of Defendant's policies, practices and/or procedures with respect to each of the following subjects:
 a) the process by which temporary employees were, after hire, assigned to work at the Fed Ex Smart Post facility;
 b) the hiring and training of Defendant's management personnel who worked at the Fed Ex Smart Post facility.
For each such person identified, with respect to each of the above-listed subjects, describe the nature of such person's role and participation with respect to the formulation, development, implementation, analysis, and/or review of Defendant's policies, practices and/or procedures for that particular subject.

**ANSWER:** OBJECTION. Defendant incorporates by reference its general objections, as if stated herein. Defendant objects on the basis that the interrogatory as drafted is overbroad. Defendant further objects on the basis that the interrogatory as drafted is impermissibly compound to the extent that it ask for two separate categories of information in a single request. Subject to and without waiving any objections, the hiring process was in place at the time that Resource Employment purchased Resource Staffing.

Despite the reasons stated in its objections, and adopted herein, Defendant provided a response to Plaintiff's interrogatory based on the information available to Defendant, regarding the hiring practices and procedures which were detailed in Interrogatory No. 1. The interrogatory is overbroad by the use of "each" of Defendant's employees or agents and/or any other persons who participated at any time in the formulation, development, implementation, modification, analysis, and/or review of Defendant's policies, practices and/or procedures with respect to each of the following subjects and then goes on to list multiple categories and areas. It is not possible

for Defendant to identify "each" person at "any time" who had such a role as sought by Plaintiff. *See Aikens v. Deluxe Financial Services, Inc.*, 217 F. R. D 533, 538 (D. Kansas 2003) (Court held a request overbroad and unduly burdensome on its face when it sought all document "regarding" or "relating" to the lawsuit and the eleven plaintiffs and their EEOC charges).

**INTERROGATORY NO. 8**: Identify each and every individual involved, in any way, in the decision not to promote Nakia Sanford to a Team Lead position at the FedEx Smart Post facility in 2011 and/or 2012.

**ANSWER**: OBJECTION. Defendant incorporates by reference its general objections, as if stated herein. Defendant objects on the basis that the interrogatory is overbroad as to scope to the extent that it request identification of "every individual." Subject to and without waiving any objections, the decision not to promote Nakia Sanford was made based upon her performance, attitude and attendance issues. This decision was not made by anyone person, but was jointly made by management.

Despite the reasons stated in its objections, and adopted herein, Defendant provided a response to Plaintiff's interrogatory based on the information available to Defendant and the management personnel had been previously identified in a separate interrogatory. Therefore, Defendant has fully responded to this interrogatory.

**INTERROGATORY NO. 12**: Identify any and all individuals at Defendant's Memphis Branch Office or Corporate Headquarters responsible for receiving, documenting, and/or investigating complaints or reports or allegations of racial discrimination, harassment, or retaliation, at any time between January 1, 2010 and December 31, 2012.

**ANSWER**: OBJECTION. Defendant incorporates by reference its general objections, as if stated herein. Defendant objects to this interrogatory on the basis that it is overly broad. Subject to and without waiving any objection, any member of management could receive a complaint or report of discrimination, harassment, or retaliation. The complaint or report would then be forwarded to Human Resources for investigation.

Despite the reasons stated in its objections, and adopted herein, Defendant provided a response to Plaintiff's interrogatory based on the information available to Defendant and detailed that the report could be made to anyone which was then transmitted to Human Resources for investigation. There was not any one person who could take the report, which is reflected in the response.

**INTERROGATORY NO. 13:** Identify and describe all complaints or reports of race based discrimination and/or harassment and/or retaliation, arising out of, or related to, assignment to the Fed Ex Smart Post facility, by anyone, whether an employee of Defendant or note, from January 1, 2010 through December 31, 2012. For each complaint of discrimination detail:
    (a)    the nature of the complaint;
    (b)    the date of the complaint
    (c)    the identity of the individual who made the complaint;
    (d)    whether the complaint was oral or written;
    (e)    last known contact information of the individual who made the complaint;
    (f)    the name of the individual against whom the complaint was made;
    (g)    the identity of each individual who handled the complaint;
    (h)    the resolution of the complaint.

**ANSWER:** OBJECTION. Defendant objects to this interrogatory on the basis that it is overly broad. Defendant objects on the basis that the interrogatory is overbroad as to time, since the allegations relate to time period from February 2011 to November 2011. Subject to and without waiving any objection, there were not any complaints of discrimination made by any employees of Resource Employment.

Despite Defendant's objection to the time period at issue, and adopted herein, Defendant provided a response to Plaintiff's interrogatory based on information available to Defendant. Again, just because Plaintiff does not agree with the answer does not make the answer insufficient. *See Minnis,* 2013 WL 6271940, at *4 (holding defendant's response to interrogatory sufficient because good faith effort made to provide responsive information).

**INTERROGATORY NO. 16:** Describe all efforts that Defendant took to preserve information and documents including electronically stored information, in connection with this matter, including the date on which each effort was made and the identity of all persons involved in each aspect of the effort.

**ANSWER:** OBJECTION. Defendant incorporates by reference its general objections, as if stated herein. Defendant objects to this interrogatory on the basis that it is overly broad. Defendant further objects to this interrogatory on the basis that it is not relevant to a claim or defense of the parties, nor is it likely to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Defendant has maintained all files and data bases pertinent to this matter.

Despite Defendant's objection to the time period at issue, and adopted herein, Defendant provided a response to Plaintiff's interrogatory based on information available to Defendant.

Again, just because Plaintiff does not agree with the answer does not make the answer insufficient. As previously stated, Defendant preserved the files and data bases of the former employees.

## IV. CONCLUSION

Defendant Resource LLC has in good faith attempted to respond and provide responsive relevant information to the EEOC.

Wherefore premises considered, Defendant requests that this Court deny Plaintiff's Second Motion to Compel.

Respectfully submitted April 5, 2016,

s/Robbin W. Hutton
Robbin W. Hutton (MS # 6482)

FORDHARRISON LLP
1715 Aaron Brenner Dr., Suite 200
Memphis, TN 38120
Telephone: (901) 291-1500
Facsimile: (901) 291-1501
rhutton@fordharrison.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon the following by electronic means via the Court's CM/ECF system, this 5th day of April, 2016:

Faye Williams, Esq., Regional Attorney
Gerald Thornton, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Ave., 9th Floor, Memphis, TN 38104
Telephone: (901) 544-0088

C. Emanuel Smith, Esq., Regional Attorney
Carrie Vance, Esq.
Christopher J. Woolley, Esq.
Marsha Lynn Rucker, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1130 22ND Street South, Suite 2000, Birmingham, AL 35205
Telephone: (205) 212-2045
ATTORNEYS FOR PLAINTIFF

s/Robbin W. Hutton

WSACTIVELLP:8333594.1