**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **3:14-cv-00217-MPM-SAA** |
| | ) | |
| **RESOURCE EMPLOYMENT SOLUTIONS, LLC** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT**

Plaintiff, United States Equal Employment Opportunity Commission ("Commission" or "EEOC") moves the Court for leave to file an Amended Complaint, a copy of which is attached hereto. Information gathered during discovery establishes that Resource Employment Solutions, LLC ("Resource Employment" or "Defendant") is the proper defendant in this action as the successor entity to Resource Staffing, Inc. d/b/a/ Resource Employment Solutions ("Resource Staffing"). The EEOC seeks to amend the Complaint to clarify that it proceeds against Defendant under that theory.

Defendant will not be prejudiced by an amendment that defines more explicitly the employment relationship between it and the aggrieved individuals. The proposed amendments provide Defendant the same information as if it had moved to make more definite the complaint.[1] Throughout discovery the EEOC has placed Defendant on notice that the EEOC sought evidence

---

[1] *See EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir. 1974) (holding that, where EEOC had not alleged successor liability in complaint, rather than grant successor corporation's motion for summary judgment, district court should have required the EEOC to make more definite the complaint).

to proceed under a successor liability theory.

## FACTUAL BACKGROUND

1.      On July 30, 2015, Defendant filed a Motion to Dismiss this lawsuit alleging that Resource Employment was not the proper Defendant. (D.E.#38). Defendant claimed that Resource Staffing, not Resource Employment, employed Nakia Sanford and the class of aggrieved individuals in 2011. Defendant claimed that it had purchased the assets of Resource Staffing in an asset only transaction in 2013.

2.      In opposition to Defendant's Motion to Dismiss, the EEOC, among other arguments, raised the doctrine of successor liability and argued that the EEOC required discovery to fully develop supporting evidence to assert the theory, noting that almost all of the relevant evidence was in Defendant's possession. (D.E. #43, p. 20).

3.      In September 2015 Defendant, again, raised the defense that it was not Nakia Sanford's employer in 2011. The EEOC again placed Defendant on notice that it sought evidence to proceed under the successor liability doctrine.

4.      On February 23, 2016 the Court issued an Order denying Defendant's Motion to Dismiss, noting the apparently close relation between Resource Staffing and Resource Employment. The Court suggested that the parties should determine whether an amended complaint was necessary. (D.E.#62).

5.      During the course of this litigation the EEOC has sought discovery from Defendant that would establish the notice, continuity of operations and financial condition elements necessary for the imposition of successor liability.

6.      The EEOC sought to depose Moises and Louis Lluberes, brothers and principals of both Resource Staffing and Resource Employment, who participated in Defendant's asset

purchase of Resource Staffing. Defendant finally made these deponents available to the Commission in Orlando, Florida on June 9, 2016 and June 10, 2016.

7.      The depositions uncovered information regarding the financial status and corporate history of both entities, the operations of both entities, and the identities of the management of the two entities.

8.      Specifically, the depositions revealed that all key management personnel of Resource Staffing moved to Resource Employment, including the Director of HR who handled Resource Staffing's response to the EEOC Charge of Discrimination; that Resource Employment continued with the business of Resource Staffing including retaining many of Resource Staffing's major clients;  that the roles of the Lluberes brothers did not change as a result of the asset purchase; that Resource Employment moved into nearly all of Resource Staffing's physical locations in the states where Resource Staffing had a physical office; that Resource Staffing owes approximately 3.2 million in taxes to various governmental entities and is no longer a viable entity, able to provide relief; that Resource Employment is a viable entity able to provide relief.

9.      Additionally, on July 14, the EEOC received documents in response to a subpoena seeking the Asset Purchase Agreement between Resource Employment and Resource Staffing. The Asset Purchase Agreement revealed that the purchase closed in December 2014, after the EEOC lawsuit had been filed.  Thus Resource Employment had knowledge of the claims before and after it purchased Resource Staffing.[2]

10.     Based on information from the deposition of the Lluberes brothers and the documents returned to the EEOC in response to a subpoena, the EEOC has sufficient

---

[2] The EEOC originally attempted to acquire this purchase agreement in February through an attached Request for Production to its 30(b)(6) Notice of Resource Employment. (D.E.#61). However upon Defendant's request the deposition was postponed until after resolution of the EEOC's Motions to Compel.

information to allege that Defendant is the successor corporation to Resource Staffing and wishes to amend the pleading to conform to the evidence gathered during discovery.

## LEGAL ARGUMENT

### A. Good Cause exists for the EEOC's Motion for Leave to Amend the Complaint

Rule 16(b) governs a party's request to amend its pleading after a scheduling order deadline to amend has passed. *S & W Enterprises, LLC v. SouthTrust Bank of* Alabama, 315 F.3d 533, 536 (5th Cir. 2003); *See also Issaquena & Warren Ctys. Land Co., LLC v. Warren Cty., Miss. Bd. of Sup'rs*, No. 5:07-CV-106-DCB-JMR, 2011 WL 6092450, at *2 (S.D. Miss. Dec. 7, 2011). Pursuant to Rule 16(b)(4), a schedule may be modified for good cause with the judge's consent. Four factors are relevant to this analysis: 1) the explanation for the failure to timely move for leave to amend; 2) the importance of the amendment; 3) potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice. *Id.*

All of the factors weigh in favor of finding "good cause" here. The present motion is based on a recently received Asset Purchase Agreement and information recently discovered during the depositions of the CEO of Resource Employment and COO of Resource Staffing, Louis Lluberes, and the CFO and President of Resource Staffing and CFO of Resource Employment, Moises Lluberes. *Merritt Hawkins & Associates, LLC v. Gresham*, 300 F.R.D. 311, 314 (N.D. Tex. 2014) (finding leave to amend complaint justified by the fact that it was based on evidence newly acquired in discovery). The EEOC could not have in good faith pled the elements needed to establish successor liability without the critical information gathered through these documents and depositions.

Second, the importance of establishing successor liability is ultimate because failing to establish such liability would leave no one to answer for the serious allegations in this case.

The predecessor entity, Resource Staffing, would escape liability by merely transforming itself into a second entity in an asset only purchase. The doctrine of successor liability is long settled law that "an employee's statutory rights are not vitiated by the mere fact of a sudden change in the employer's business." *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 750 (5th Cir. 1996. *See also EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086 (6th Cir. 1974).

Third, Defendant will suffer no prejudice if the Court allows the amendment. Defendant has been on notice from early in this litigation that a basis for holding the LLC liable was successor liability and that the EEOC sought information in discovery to make this case.[3] Defendant cannot claim undue prejudice when it knew that the EEOC sought to assert successor liability and, in fact, had better access than the EEOC to all of the information needed to assert that claim.

Fourth, because no prejudice would result from the proposed amendment, no continuance would be needed. Where the amendment would result in little, if any, prejudice to Defendant and where denying leave to amend could determine the outcome of the case, good cause exists. *Texas Indigenous Council v. Simpkins*, 544 F. App'x 418, 421 (5th Cir. 2013).

### B. The Commission's Motion for Leave to Amend the Complaint Comports with the Interests of Justice

Because good cause exists, the more liberal pleading standard of Rule 15(a)(2) applies. *Id*. Under Rule 15(a)(2), leave to amend a Complaint shall be freely given when justice so requires. Fed. R. Civ. Pro. 15(a)(2). The Supreme Court has established that courts should

---

[3] Throughout this litigation, Defendant has stepped into the shoes of the Resource Staffing. As the Court noted in its Order Denying Defendant's Motion to Dismiss, the Defendant has raised affirmative defenses in a manner that shows knowledge of Resource Staffing's decision-making process in 2011 and in 2012. (D.E.#62, p. 3). The Defendant has also responded to interrogatories and requests for production of documents with clear knowledge of Resource Staffing's decision-making processes, record-keeping procedures, policies and procedures, and staffing composition.

routinely grant leave to amend absent extenuating circumstances such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies of prior amendments, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000). The guiding policy behind the liberal amendment standards is "to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine point of pleading." *Simpkins*, 544 F. App'x 418, 421 (5th Cir. 2013)

Here there has been no delay, dilatory motive, ineffective previous amendments, or undue prejudice. Plaintiff has promptly moved to amend only a few days after receiving new documents in discovery indicating Defendant had the notice required under the successor liability doctrine, and a little over a month after critical deposition testimony of the Lluberes brothers that clarified the presence of other necessary factors. *Mailing & Shipping Sys., Inc. v. Neopost USA, Inc.*, 292 F.R.D. 369, 377 (W.D. Tex. 2013) (finding no undue delay where movant promptly filed leave to amend a month after new deposition testimony provided the basis for additional claims).

The motion is made without dilatory motive: amendment clarifying the employment relationship between Resource Employment and the aggrieved individuals will require no delay in the trial schedule. Because this is the first motion for leave to amend the complaint, there is no issue of repeated failures to cure deficiencies in the pleading. Nor is there any undue prejudice on Defendant. Resource Employment has been on notice that the EEOC sought to assert successor liability since early in the litigation.

Finally, the relief sought in this motion bests serves the interests of justice because it will

clarify any ambiguity as to the basis on which the EEOC asserts Defendant's liability.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant it leave to file the attached Amended Complaint.

Dated: July 18, 2016

Respectfully submitted,

*/s/ Christopher Woolley*
**CHRISTOPHER WOOLLEY**
Trial Attorney
CA Bar No. 241888
christopher.woolley@eeoc.gov

**CARRIE VANCE**
Trial Attorney
WI Bar No. 1056606
carrie.vance@eeoc.gov

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1130 22nd Street South
Suite 2000
Birmingham, AL 35205

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

*/s/ Christopher Woolley*
Christopher Woolley