IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) RESOURCE EMPLOYMENT ) SOLUTIONS, LLC ) ) Defendant. ) | Civil Action No. 3:14-cv-00217-MPM-SAA |

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO REOPEN CASE AND ENTER CONSENT DECREE**

Plaintiff United States Equal Employment Opportunity Commission and Defendant Resource Employment Solutions, LLC (collectively the Parties) respectfully submit this Memorandum in Support of the Joint Motion to Reopen the Case and Enter the Consent Decree.

On August 11, 2016, the Parties engaged in a Judicial Settlement Conference before Magistrate Judge Alexander. (D.E. # 127). The Parties were able to reach a settlement in the form of a Consent Decree. The Court entered a Minute Entry for the settlement conference, which stated "Case Settled." (*Id*.) Thereafter, the Court entered a Judgment Dismissing the Action by Reason of Settlement. (D.E. # 128).

At the Judicial Settlement Conference, the Parties reached settlement of the case. The terms of the settlement are contained in the Consent Decree, which has been submitted to the Court contemporaneously. The Parties respectfully move this Court to reopen the case for the purpose of approving and entering the Consent Decree.

A consent decree has attributes of both a contract and a judicial order. *See United States v. ITT Continental Baking Co.*, 420 U.S. 223, 236 n. 10 (1975). The Fifth Circuit has noted that "[a] consent decree, although founded on the agreement of the parties, is a judgment." *United States v. City of Miami*, 664 F.2d 435, 439 (5th Cir. 1981) (citing *United States v. Kellum*, 523 F.2d 1284, 1287 (5th Cir. 1975)). "A consent decree is like a settlement agreement, contractual in nature," but "[i]t is also a judicial act." *U.S. v. City of New Orleans*, 731 F.3d 434, 438-39 (5th Cir. 2013) (citing *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 378 (1992); *League of United Latin Amer. Citizens Council No. 4434 v. Clements*, 999 F.2d 831, 845 (5th Cir. 1993)).

The Supreme Court has stated that it is "the parties' consent [that] animates the legal force of a consent decree." *Local No. 93, International Association of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986). A consent decree has the "force of res judicata, protecting the parties from future litigation" and "[a]s a judgment, it may be enforced by judicial sanctions, including citation for contempt if it is violated." *City of Miami*, 664 F.2d at 439-440.

In order to determine whether approval of a consent decree is appropriate, courts in the Fifth Circuit have analyzed whether the decree is "fair, adequate and reasonable," and whether approval will "unreasonably or unlawfully impact third parties." *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 805 F.Supp. 426, 428 (N.D. Tex. 1992) (citing *Williams v. City of New Orleans*, 116 F.R.D. 561, 563 (E.D. La. 1987).

Likewise, the Sixth Circuit has noted that "[t]he criteria to be applied when a district court decides whether to approve and enter a proposed consent decree, are whether the decree is 'fair, adequate, and reasonable, as well as consistent with the public interest.'" *United States v. Lexington-Fayette Urban County Government*, 591 F.3d 484, 489 (6th Cir. 2010) (citing *United*

*States v. County of Muskegon*, 298 F.3d 569, 580-81 (6th Cir. 2002)). "The standard of fairness, reasonableness and consistency with statute" is the "general test for consent decrees." *Id*. (citing *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1409, 1426 (6th Cir. 1991)).

When the plaintiff is an executive branch agency responsible for enforcement of the statute that provides the legal basis for the consent decree, courts should defer to the agency's experience and expertise in handling such matters. *See Azko Coatings of America, Inc.*, 949 F.2d at 1436; *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1019 (8th Cir. 2002); *SEC v. Randolph*, 736 F.2d 525, 528-29 (9th Cir. 1984).

Based on the foregoing, the Parties respectfully request that the Court reopen the case to approve and enter the Consent Decree.

Dated: August 24, 2016

| FOR THE COMMISSION: | FOR DEFENDANT: |
|---|---|
| **FAYE A. WILLIAMS**<br>Regional Attorney<br>TN Bar No. 011730 | */s/ Robbin Hutton*<br>**ROBBIN HUTTON**<br>MS Bar No. 6482 |
| **GERALD THORNTON**<br>Supervisory Trial Attorney<br>MS Bar No. 7900 | **FORD HARRISON, LLP**<br>1715 Aaron Brenner Drive<br>Suite 200<br>Memphis, TN 38120<br>(901) 291-1500 |
| **EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION**<br>1407 Union Avenue, Suite 901<br>Memphis, TN 38104<br>(901) 544-0070 | |

**C. EMANUEL SMITH**
Regional Attorney
MS Bar No. 7473

**MARSHA L. RUCKER**
Supervisory Trial Attorney
PA Bar No. 90041

**CHRISTOPHER WOOLLEY**
*/s/Christopher Woolley*
Trial Attorney
CA Bar No. 241888
christopher.woolley@eeoc.gov

**CARRIE VANCE**
Trial Attorney
WI Bar No. 1056606
carrie.vance@eeoc.gov

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Phone: (205) 212-2064

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2016, I filed the foregoing with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record.

                                              */s/ Christopher Woolley*
                                              Christopher Woolley