**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSPPI
OXFORD DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>RESOURCE EMPLOYMENT SOLUTIONS, LLC. )<br>)<br>)<br>Defendant. ) | CIVIL ACTION NO.<br><br>3:14-cv-00217-MPM-SAA |

---

**CONSENT DECREE**

---

  A. The Equal Employment Opportunity Commission (Commission or EEOC) instituted this civil action against Defendant Resource Employment Solutions, LLC ("Resource" or "Defendant"), to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the Commission alleges that Defendant failed to place, assign, and refer Nakia Sanford ("Sanford") and a class of similarly situated employees, to temporary positions because of their race, Black, and national origin, non-Hispanic. The Commission further alleges that Defendant retaliated against Sanford by denying her a promotion and by discharging and/or failing to assign her because she engaged in activity protected by Title VII. Finally, the Commission alleges that Defendant failed to preserve records relevant to the determination of whether Defendant engaged in unlawful employment practices. The Commission alleges this conduct violated Section

703(a) of Tile VII, 42 U.S.C. § 2000e-2(a), the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c).

B.     Defendant denies the allegations made in the Complaint and avers that it did not unlawfully discriminate against any alleged aggrieved party. Defendant further avers that the claims were brought against a predecessor company and that no allegations of discrimination have been alleged against Defendant since it acquired the predecessor company.

C.     The EEOC and Defendant hereby stipulate and consent to the entry of this Consent Decree ("Decree").

D.     This Decree does not constitute a finding on the merits of the case or a finding of unlawful discrimination or admission of liability. The Commission and Defendant have consented to entry of this Decree to avoid the additional expense that continued litigation of this case would involve.

E.     This Decree constitutes the complete and exclusive agreement between the Commission and Defendant with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Decree.

F.     In the event this Decree is not approved or does not become final, the Commission and Defendant agree that it will not be admissible in evidence in any subsequent proceeding in this lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court hereby **APPROVES** the Decree and

**FINDS**:

    a.    The terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the EEOC, Defendant, and the public interest.

    b.    This Decree conforms to the Federal Rules of Civil Procedure and Title VII, and does not derogate the rights or privileges of any person. The entry of this Decree furthers the objectives of Title VII and appears in the best interests of the parties and the public.

    c.    This Decree is entered into by the EEOC and Defendant. This Decree shall be final and binding between the EEOC and Defendant, its directors, officers, agents, employees, successors or assigns, and all persons in active concert or participation with it.

    d.    The EEOC and Defendant do hereby agree to the entry of this Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 3:14-cv-00217 and arising out of EEOC Charge No. 490-2011-02751.

Upon consent of the parties to this action, it is hereby **ORDERED, ADJUDGED AND DECREED:**

## I. JURISDICTION

    1.    The parties stipulate that the United States District Court for the Northern District of Mississippi, Oxford Division, has jurisdiction over the parties and the subject matter of this litigation. The Court shall retain jurisdiction over this case in order to enforce the terms of the Decree.

2. No party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendant breaches any of the terms of this Decree.

## II.  SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of Nakia Sanford's Charge of Discrimination (EEOC Charge No. 490-2011-02751) against Resource Staffing and the Commission's Complaint against Resource Employment Solutions, in Civil Action No. 3:14-cv-00217, alleging unlawful discrimination by Defendant against Nakia Sanford and a class of African-American employees. This Decree shall not be considered in any manner to be dispositive of any other matter which is or may be pending before any office of the Commission. Nothing in the Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed against Defendant.

4. The provisions of this Decree are effective immediately upon the date that the Decree is entered by the Court. The injunctive relief shall be binding upon the parties to this lawsuit at its Memphis location for four years after the effective date of this Decree.

## III.  INJUNCTIVE RELIEF

5. Defendant and its supervisors, managers, officers, directors, and successors are permanently enjoined from discriminating against any applicant or employee because of race or national origin.

6. Defendant and its supervisors, managers, officers, directors, and successors are permanently enjoined from retaliating against any applicant or

employee because the applicant or employee has engaged in protected activity under Title VII.

7. This injunctive relief is limited to Defendant's operations in Memphis, Tennessee and any operations at the FedEx Smart Post ("Memphis location") in Southaven, Mississippi.

## IV. ANTI-DISCRIMINATION POLICY

8. Defendant will maintain and make available to employees at its Memphis location, an Anti-Discrimination Policy ("the Policy") that outlines Defendant's prohibition of discrimination, including but not limited to discrimination based on race or national origin, and retaliation in the workplace.

    (a) The Policy will provide that Defendant does not tolerate discrimination, including, but not limited to, race or national origin discrimination, in the workplace.

    (b) The Policy will provide that employees who complain about discrimination, including, but not limited to, race or national origin discrimination, in the workplace are protected against retaliation.

    (c) The Policy will provide that employees who file a complaint or participate in an investigation, review, or hearing are protected against retaliation.

9. The Policy will advise employees that in investigating and imposing any discipline, Defendant will make all attempts to preserve confidentiality. The Policy will further provide that any adverse treatment of an employee for reporting discrimination, for assisting another employee in making a report, for cooperating in a discrimination investigation, or for filing a charge of discrimination with the

5

Commission or a state governmental agency will not be tolerated.

10. Defendant will distribute a copy of the Policy to all current employees at the Memphis location within 120 days of entry of this Decree. Defendant will make the Policy available to all new employees at the Memphis location at the time of hire.

## V.  TRAINING

11. Defendant shall provide an annual training program on employment discrimination, including, but not limited to, race and national origin discrimination, and retaliation to all supervisory employees and Onsite Leads, at the Memphis location. The initial annual training will be scheduled and conducted within 120 days after the date of the entry of this Decree. Defendant will send a member of senior management to appear at this training and advise participants of the company's anti-discrimination policy.

12. Defendant shall advise all staff at the Memphis location in writing that the annual training program is mandatory for all supervisory employees and Onsite Leads, at its Memphis locations. The annual training program shall last one hour and shall include the following topics:

(a) The definition of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991;

(b) A discussion of race and national origin discrimination, including what constitutes race and national origin discrimination under Title VII;

(c) A discussion of retaliation, including what constitutes retaliation under Title VII;

(d) A discussion of how to prevent, identify, and remedy

6

employment discrimination; and

  (e) A discussion of Defendant's policy prohibiting discrimination and retaliation, including procedures and responsibilities for reporting, investigating and remedying discrimination and retaliation.

 13. Defendant shall ensure that an officer or member of senior management appears in person or via video conferencing at the training sessions to inform participants of Defendant's Anti-Discrimination Policy, that Defendant will not tolerate any discrimination in the workplace, and the consequences for discriminating in the workplace. Such an appearance may be pre-recorded and played at any time during the training session.

 14. Defendant will retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination and who has experience
in labor and employment law to provide the initial training.

 15. Defendant agrees to provide to the Commission a signed roster of the list of attendees and their work locations for all annual training sessions with each annual report as set forth in Paragraph 33 below.

## VI. SUPERVISOR ACCOUNTABILITY

 16. Defendant shall promote supervisor accountability by the following conduct:

  (a) Providing anti-discrimination training to all of its supervisory and managerial personnel at the Memphis location as set forth in Paragraph 11;

  (b) Disciplining, up to and including discharge, any supervisor or

7

manager who violates Defendant's policies against discrimination.

### VII. MONETARY RELIEF

17. Defendant agrees to pay over a three year period monetary relief in the total amount of $435,000 to Nakia Sanford and the class of African-American employees.

18. The monetary relief described in Paragraph 17 shall be paid in 12 quarterly installments of $36,250.00 ("Installment Payment"). Each Installment Payment will be due on the first business day of each quarter, beginning October 3, 2016 and ending July 1, 2019.

19. In accordance with Paragraph 18 of this Decree, an Installment Payment is due on each of the following dates ("Installment Dates"): October 3, 2016; January 2, 2017; April 3, 2017; July 3, 2017; October 2, 2017; January 2, 2018; April 2, 2018; July 2, 2018; October 1, 2018; January 2, 2019, April 1, 2019; July 1, 2019.

20. In the event that any of the dates set forth in Paragraph 19 fall on a holiday, the Installment Payment shall be due on the business day that immediately follows the Installment Date set forth in Paragraph 19.

21. Each Installment Payment will be distributed in accordance to a schedule that the EEOC will provide to Defendant within thirty (30) days of the date of this Decree ("Payment Schedule"). The Payment Schedule will list each claimant, the address to which each claimant's check should be mailed, and the amount, if any, each claimant will receive on each of the twelve Installment Dates. The EEOC will, at its sole discretion, determine how to allocate the monetary relief among Sanford and the class. The EEOC will have the sole right to modify the

8

Payment Schedule at its own discretion. Before modification of the Payment Schedule, the EEOC will provide Defendant with at least ten (10) days written notice prior to the date any Installment Payment is due.

22. Defendant shall issue payment of the monetary relief to the claimants by mailing a check payable to each claimant using the address for each claimant provided by the EEOC in the Payment Schedule. Concurrently, copies of the checks and related correspondence must be submitted to the Commission, at the following address: Christopher Woolley, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

23. Defendant will promptly notify the EEOC in the event any mailings to claimants are returned to Defendant as undeliverable. Defendant will promptly notify the EEOC in the event any checks are not cashed within one hundred and eighty (180) days of the date of its disbursement.

24. Any unclaimed funds will be distributed to the rest of the claimants in a manner and amount that shall be left to the EEOC's sole discretion.

25. The monies paid in settlement of this case are for emotional distress sustained by each claimant as a result of the conduct asserted in the Complaint. Accordingly, no withholdings shall be made from any of the payments. Defendant shall report all monetary payments to the claimants under this Decree on IRS Form 1099.

26. Defendant shall have fifteen (15) days to make the Installment Payment before it will constitute a breach of this Consent Decree. In the event of a breach under Paragraph 26 of this Consent Decree, payment in full will be due

immediately.

27. Failure to adhere to the Payment Schedule will constitute a breach of this Consent Decree. In the event of a breach under Paragraph 27 of this Consent Decree, payment in full will be due immediately.

28. In the event of a breach of Section VII of this Consent Decree, judgment shall enter in favor of the EEOC in the entire amount outstanding plus appropriate interest.

## VIII. DEVELOPMENT OF PLACEMENT PROCESS AND POLICIES

29. Within 90 days after entry of this Decree, Defendant shall develop a written job placement policy and process (Placement Policy) for all job placements at Memphis location that are conducted on a first come, first work basis.

30. The Placement Policy must state that Defendant does not place of refer applicants for placement or assignment at its client companies based on race or national origin.

31. The Placement Policy will also list a 1-800 number for Defendant's corporate headquarters for any employee or applicant to report alleged discrimination. Within ten days after creation of the Placement Policy, Defendant will post the Placement Policy in the entrance room for all of their facilities where applicants appear to seek job referrals and assignments.

## IX. REPORTING REQUIREMENTS

32. Defendant shall maintain records of any complaints of discrimination or retaliation by any employee or applicant, at its Memphis locations.

10

These records shall include the following:

    (a)    the name the employee or applicant making the complaint;

    (b)    the date of the report or complaint;

    (c)    a detailed description of the allegations made;

    (d)    the names of any witnesses;

    (e)    the name and job title of the alleged bad actor; and

    (f)    what actions, if any, Defendants took to resolve the complaint.

33. Defendant shall provide four annual reports to the Commission. Each annual report must contain:

    (a)    a summary of the information recorded by Defendant pursuant to Paragraph 32, above;

    (b)    a record of attendance of the training required by Paragraphs 11 through 15 above; and

    (c)    a certification by Defendant that the Notice Posting required by this Decree remained posted during the time period preceding the report.

34. Defendant shall submit the annual reports as follows:

    (a)    the first annual report within 12 months of the entry of this Decree;

    (b)    the second annual report within 24 months of the entry of this Decree;

    (c)    the third annual report within 36 months of the entry of this Decree;

    (d)    the fourth annual report within 46 months of the entry of this Decree.

## X.  NOTICE POSTING

35. Defendant shall post the Notice attached as Exhibit A in all of its Memphis facilities, within 10 days of entry of this Decree.

36. Defendant shall post Exhibit A in conspicuous places upon its premises where notices to employees are customarily posted, and keep Exhibit A posted for a period of two (2) years.

37. Defendant shall also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

## XI.  MONITORING

38. The Commission shall have the right to monitor and review compliance with this Decree. Defendant shall cooperate with the Commission in any review function as it relates to this Decree. Specifically, the Commission shall have the right to:

(a) review any and all training and documents that this Decree requires Defendant to create or maintain;

(b) Upon ten (10) days notice interview employees and management, with the participation of Defendant's counsel, related to the requirements of this Decree; and

(c) inspect Defendant's Memphis location upon ten (10) days prior notice to Defendant.

## XII.  SUCCESSOR NOTIFICATION

39. Defendant shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Defendant, and any other corporation or other entity into which Defendant may merge. The

12

successors or acquiring entities shall be fully liable for complying with the terms of the Decree. Defendant shall provide notice to the Commission thirty (30) days prior to any acquisition or merger.

## XIII. DISPUTE RESOLUTION

40. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non- complying party 10 days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance within 10 days, the complaining party may apply to the Court for appropriate relief.

## XIV. MISCELLANEOUS PROVISIONS

41. Each of the parties shall bear its own costs, attorney fees, and expenses in this lawsuit.

42. This Decree shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Decree.

43. If the Court finds any provision of this Decree unlawful, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

44. When this Decree requires a certification by Defendant of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendant.

45. Unless otherwise noted, when this Decree requires Defendant to

submit reports, certifications, notices, or other materials to the Commission, submission will be e-mailed to: emanuel.smith@eeoc.gov; faye.williams@eeoc.gov, Subject: Resource Employment Title VII Settlement.

46. Nothing in this Decree or any of the requirements of this Decree are intended to waive or waive any attorney-client privilege or work-product privilege.

**IT IS SO ORDERED** THIS 26th DAY OF AUGUST, 2016.

        **/s/ MICHAEL P. MILLS**
        **UNITED STATES DISTRICT JUDGE**
        **NORTHERN DISTRICT OF MISSISSIPPI**

Approved by the Parties:

| FOR THE COMMISSION: | FOR DEFENDANT: |
|---|---|
| | |

*/s/ Faye Williams*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 011730

*/s/ Gerald Thornton*
**GERALD THORNTON**
Supervisory Trial Attorney
MS Bar No. 7900

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 901
Memphis, TN 38104

*/s/ Emanuel Smith*
**C. EMANUEL SMITH**
Regional Attorney
MS Bar No. 7473

*/s/ Marsha Rucker*
**MARSHA L. RUCKER**
Supervisory Trial Attorney
PA Bar No. 90041


**CHRISTOPHER WOOLLEY**
*/s/Christopher Woolley*
Trial Attorney
CA Bar No. 241888
christopher.woolley@eeoc.gov

*/s/ Carrie Vance*
**CARRIE VANCE**
Trial Attorney
WI Bar No. 1056606
carrie.vance@eeoc.gov

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Phone: (205) 212-2064

*/s/ Robbin Hutton*
**LOUIS BRITT
ROBBIN HUTTON**
FORD & HARRISON, LLP
1715 Aaron Brenner Drive
Suite 200
Memphis, TN 38120
(901) 291-1500

**ATTORNEY FOR DEFENDANT
RESOURCE EMPLOYMENT
SOLUTIONS, LLC**

EXHIBIT A

## NOTICE TO ALL EMPLOYEES OF RESOURCE EMPLOYMENT SOLUTIONS, LLC.

1. This Notice is posted to all employees pursuant to a Consent Decree entered into between Resource Employment Solutions, LLC and the Equal Employment Opportunity Commission (EEOC) as part of the settlement of a lawsuit, Civil Action No. 3:14-cv-00217, filed in the United States District Court of the Northern District of Mississippi, Oxford Division. Pursuant to the Decree, Resource Employment Solutions, LLC will conduct training on the prevention of employment discrimination and retaliation in the workplace.

2. Discrimination is a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment.

3. Resource Employment Solutions, LLC will not tolerate or condone discrimination or retaliation against any employee or applicant for employment. Discrimination is a violation of company policy as well as federal law. Violation of these company policies by anyone employed by Resource Employment Solutions, LLC will result in disciplinary action up to and including termination.

4. You have the right to file a charge of discrimination with the EEOC if you believe you are being discriminated of retaliated against. The EEOC charges no fees and has employees and interpreters who speak languages other than English. If you believe you have been discriminated or retaliated against in violation of federal law, you have the right to seek assistance from:

    Equal Employment Opportunity Commission
    1407 Union Avenue, Suite 901
    Memphis, Tennessee 38104
    Telephone:   (901) 544-0119
    Website:     www.eeoc.gov
    TTY:         1-800-669-6820

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED**

This Notice must remain posted for two years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

_____         _____
Date                        CEO, Resource Employment Solutions, LLC